### 44343. MASSEY v. CONSOLIDATED EQUITIES CORPORATION.

WHITMAN, Judge. In this case the defendant answered the plaintiff's complaint and also filed a counterclaim. The appeal is by the defendant from an order granting a summary judgment for the plaintiff. The summary judgment order also granted judgment in favor of the defendant, non-movant, on certain of her counterclaims.

The complaint alleged that Mrs. Jewel Massey, defendant, was serving under an oral contract of employment as resident manager of plaintiff's apartment complex; that plaintiff terminated defendant's employment effective August 31, 1968; that plaintiff made demand upon defendant for all rental proceeds collected for the month of September, for all written lease agreements in her possession, and all other property of the plaintiff which defendant had in her possession; and that

defendant had no right or authorization to hold or receive said proceeds, agreements and other property. The complaint further alleged that the defendant has refused to comply with the demand for the lease agreements and properties and continues to collect and hold the rental proceeds due plaintiff for the month of September; that defendant is interfering with plaintiff's apartment renting business; that she is telling tenants to ignore the newly employed manager; and that her conduct is driving away present and prospective tenants.

The complaint prayed for a judgment against the defendant for the rental proceeds with interest; that defendant be required to deliver to plaintiff all lease agreements and other properties which she is holding; that defendant be temporarily restrained from going on plaintiff's property and otherwise interfering with plaintiff's tenants; and to show cause why she should not be permanently enjoined from withholding plaintiff's property and from interfering with plaintiff's lawful business activities.

A temporary restraining order was granted and, by agreement of the parties and further order of court, was ordered to remain in effect pending the litigation between the parties.

The defendant answered the complaint denying its material allegations, and further answered that she was entitled to one month's notice prior to being terminated. By way of "cross action and counterclaim," defendant alleged that she was due a certain sum as commissions for August and September rents, and for expenses advanced out-of-pocket on plaintiff's behalf. Defendant also set forth that her late husband was to receive a ¼th interest in the enterprise known as Vineville Gardens, Inc., and after her husband's death it was agreed that she was to receive such interest and asks that an accounting be had to determine if she did in fact receive one-fourth of the stock issued by Vineville Gardens, Inc., at the time of its organization.

Defendant further set forth that in accordance with agreements and understandings concerning Vineville Gardens, Inc., she contributed time and effort in promoting and renting the apartments, but that she has never received any compensation therefor, although she believes that three other persons received stock, debentures and money aggregating $7,000 from Vineville Gardens, Inc., for comparable services rendered. She alleged that she is entitled to equal compensation for the services she rendered.

Defendant further claimed that she owned certain debentures issued to her by Vineville Gardens, Inc., prior to its consolidation with plaintiff, and that there was interest due thereon which was unpaid.

In plaintiff's responsive pleading to the counterclaim it was alleged that the employment agreement with defendant was oral and revocable at the will of plaintiff, but it was admitted that defendant was entitled to a commission on rents collected for the month of August and that defendant was also entitled to the expenses defendant advanced out-of-pocket on plaintiff's behalf. It was further admitted that the defendant was entitled to the payment of interest on her debentures. Plaintiff denied the existence of any agreement by which defendant or her husband was to receive ¼th interest in Vineville Gardens, Inc., and that even if such agreement were made, it was unenforceable for several specified reasons.

The plaintiff's motion for a general summary judgment was heard based upon the pleadings, the deposition of defendant, and affidavits presented in support of and in opposition to the motion.

The trial court entered an order granting plaintiff judgment for rents in defendant's possession. The trial court further entered judgment for defendant for rent commissions for the month of August, and for rents actually collected for the month of September, and also for out-of-pocket expenses expended on plaintiff's behalf. The order denied defendant's claim for September rent commissions not actually collected. The order did not grant or deny defendant's claim for interest due on her debenture, but merely noted that there appeared to be no controversy; that defendant had agreed to produce it to plaintiff for inspection and plaintiff had agreed to make full and immediate payment of whatever amount of interest is owed, if any. The order then "dismissed with prejudice . . . all other claims of the defendant not specifically ruled on." *Held:*

1. There are numerous errors enumerated. However, from defendant-appellant's brief only a few of such enumerations can be considered to have been argued and even fewer considered to have been argued and supported by any authority. We confine our decision to those errors contended to have been made which are argued with definiteness and have been supported by authority or reason and are referenced to the

record before us. *Strickland v. English*, 115 Ga. App. 384 (2) (154 SE2d 710).

It is argued that the trial court erred in granting judgment for both the plaintiff and the defendant on their respective claims when only the plaintiff was the moving party on the motion for summary judgment; that the defendant was a non-moving party and sought no summary relief. The Civil Practice Act, *Code Ann.* § 81A-156 (c), regarding summary judgment procedure, does address itself to the "moving party." However, *Code Ann.* § 81A-154 (c) provides that: "[E]very final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." The motion for summary judgment addressed itself to the complaint as well as to the counterclaims. There was no error in the judgment for the reason assigned. The same general rule obtains in Federal courts where the procedure respecting summary judgments and final judgments is similar to our own. See 6 Moore's Federal Practice 2241, § 56.12.

2. Paragraph 2 of appellant's enumeration of errors states that "appellant did not file a motion for summary judgment or attempt to obtain a summary judgment as to the counsel fees, the $4,000 for services rendered and one-fourth interest demanded in her counterclaim." By enumeration of error No. 11 it is contended that "the court erred in failing to allow a jury to determine if appellant owned one-fourth of the stock in the corporation known as Vineville Gardens, Inc." There is no evidence in the record to support a finding in favor of appellant for counsel fees or for claimed services rendered or for one-fourth interest or for one-fourth of the stock in Vineville Gardens, Inc. Accordingly, the trial court did not err in disallowing these claims.

3. It is contended that the trial court erred in admitting the corporate records of Vineville Gardens, Inc., as evidence and in giving them consideration on the motion for summary judgment. The records in question were accompanied by an affidavit of one J. H. Olden, Jr., in which he averred that he was an officer and director of Vineville Gardens, Inc., from the date of its incorporation on January 18, 1961, until it was consolidated with Consolidated Equities Corporation, and that he is now vice president of the latter; that he is familiar with the records and supervised their maintenance and safe-

keeping and that they are the original corporate records of Vineville Gardens, Inc.

In the notice of appeal by counsel for appellant it is stated that the clerk will include all matters of record on appeal, but the transcript of evidence and proceedings will not be filed for inclusion in the record on appeal. The transcript was filed in this court on January 31, 1969. On January 23, 1969, counsel for appellee filed its motion for correction of the record on appeal, requesting that the clerk of the trial court send up the corporate minute book, ledger and stock book of Vineville Gardens, Inc., and on hearing thereon in the trial court the motion was granted on February 12, 1969, and this additional record filed in this court on March 5, 1969. In the motion of appellee for the sending up of this additional record it is stated: "At the hearing on the motion for summary judgment, the trial court after overruling an objection by counsel for the defendant, permitted the plaintiff to rely on the aforesaid corporate records. Counsel for plaintiff submitted the records for the court's consideration and alluded to the same in the course of argument. In its appeal from the order and judgment issued in the case, counsel for the defendant omitted the aforesaid described corporate records in the instructions to the clerk of the court as to what constituted the record on appeal."

It does not otherwise appear from the record that any objection was made to the affidavit of J. H. Olden, Jr., alone, nor does it appear what ground or grounds of objection were urged to the admissibility of the corporate records, nor does it appear from the record that any motion was made to exclude the corporate records from evidence. The only enumeration of errors in relation to this matter is No. 9, wherein it is contended that "the court erred in admitting the alleged stock book, the alleged ledger, the alleged minutes of the corporation and the alleged bylaws of the corporation into evidence without *some proof as to the correctness of these items."* (Emphasis supplied.) There was no error in admitting the records. *Allstate Ins. Co. v. Buck,* 96 Ga. App. 376 (100 SE2d 142) ; *Code Ann.* § 38-711. See also *Home Finance Co. v. Smith,* 116 Ga. App. 76 (1) (156 SE2d 522).

*Judgment affirmed. Jordan, P. J., and Hall, J., concur.*

ARGUED MARCH 5, 1969—DECIDED JULY 15, 1969—
REHEARING DENIED JULY 29, 1969.

170

*Frank G. Wilson,* for appellant.

*Jones, Cork, Miller & Benton, Frank C. Jones, James M. Thomas,* for appellee.