## 35515. GOLSTON v. GARIGAN et al.
## 35516. GARIGAN et al. v. GOLSTON et al.

JORDAN, Justice.

Lawrence Garigan and his wife Mary Ruth Garigan and William Shropshire, appellees, brought suit against Earnest Golston, appellant, alleging that he was erecting a duplex in a subdivision in which they owned property and homes which was in violation of restrictive covenants contained in all deeds conveying property within the subdivision. The trial court permanently enjoined appellant from building the duplex as presently conceived and granted summary judgment against the appellees on two counts of their complaint seeking an injunction against the erection of any multi-family dwelling and damages for breach of promise. Appellant appeals the issuance of a permanent injunction against him, and appellees cross appeal the grant of summary judgment against them.

### *The Direct Appeal*

1. The trial court held a hearing on the issue of a preliminary injunction in which it heard testimony of the witnesses and received evidence after which a preliminary injunction was granted. Thereafter, the trial court decided to consider the case as a motion for summary judgment (appellant had filed a motion to dismiss) and instructed the parties to file affidavits, answers to interrogatories, and depositions as they wished. The transcript of the preliminary injunction hearing was filed with the court. Some six months after the filing of the transcript, the trial court entered his findings of fact, conclusions of law and order.

Appellant first complains that a permanent injunction should not have been granted without a final hearing on the matter. The trial court's order begins by reciting that the case came on "regularly for hearing *on the defendant's motion for Summary Judgment . . .*" (Emphasis supplied.)

However, appellees maintain that appellant consented to the case being before the trial court in final judgment posture, appellees pointing to an order of the trial court in the record which states that the parties

"having requested that the Court consider the . . . case as being presented for a motion for Summary Judgment . . ." a hearing date was set.

The question of appellant's consent is immaterial to a resolution of this issue, however, because summary judgment can be granted to a non-moving party provided that the grant is proper in all other respects. *Massey v. Consolidated Equities Corp.,* 120 Ga. App. 165, 168 (169 SE2d 672) (1969). Furthermore, since this case is one involving equity, appellant had no right to a jury trial. *Burns & Ledbetter, Inc. v. Primark Marking Co.,* 244 Ga. 341, 343 (260 SE2d 58) (1979). Therefore, having the parties properly before him and having the pleadings, affidavits and transcript of the preliminary injunction hearing, the trial court could have found that no genuine issue of the material fact remained and granted appellees the relief sought.

2. Appellant argues that appellees never alleged or proved that they had no adequate remedy at law. The failure to allege no adequate remedy at law in the complaint is not a fatal error under the rules of our Civil Practice Act (Code Ann. Title 81A). *Oliver v. Irvin,* 230 Ga. 248 (196 SE2d 429) (1973). Appellees presented evidence that the subdivision consisted entirely of single-family, brick homes with no less than one thousand square feet, and that appellant's duplex, well under construction, was a multi-family dwelling, not entirely brick, with approximately one thousand square feet of living space. Based on these facts the trial court could have found that appellees had successfully carried the burden of proving that they had no adequate remedy at law. This enumeration of error has no merit.

3. Appellant contends that denying his motion for summary judgment as against Counts 1 and 4 of appellees' complaint was error. The substance of these counts, taken together, was that appellant should be enjoined from constructing a duplex (two-family home) of less than two thousand square feet. The trial court construed the language of appellant's deed, which contained the identical covenants as did all other deeds of the subdivision landowners, and concluded that it was the intention of the grantors that each "home" must be no less

than one thousand square feet. The trial court construed the language as a matter of law and committed no error in construing the phrase "[h]omes must have 1000 square feet of floor space, . . ." to be in favor of the appellees. Therefore, according to Division 1, supra, the trial court was correct in permanently enjoining appellant from constructing a two-family home of less than two thousand feet or from using his one thousand square feet building for anything other than a single family dwelling.

*The Cross Appeal*

4. On the cross appeal, the appellees argue that summary judgment should not have been granted against that count of their complaint seeking damages for the erection of appellant's duplex in violation of restrictive covenants because it lessens their property values. However, since a permanent injunction has been granted in this case so that appellant may not build any structure in violation of those covenants, the trial court properly found that appellees are not entitled to any damages as a matter of law. This case is not like *Alexis, Inc. v. Werbell,* 209 Ga. 665, 668 (75 SE2d 168) (1953), wherein this court said that "an action may be brought against one for a breach of contract to recover the damages which have resulted therefrom up to the bringing of the action, and to restrain the defendant from a further violation of his contract . . ." because here there has been no actual damage to appellees since the duplex has not been completed, and completion as it now stands has been enjoined.

5. Appellees conceded that should the grant of the permanent injunction be affirmed, all remaining enumerations of error in the cross appeal need not be decided. Accordingly the judgment of the trial court granting summary judgment to the appellant on Counts 2 and 3 of appellees' complaint is affirmed.

*Judgments affirmed. All the Justices concur.*

Submitted October 5, 1979 — Decided March 13, 1980.

*Duffey & Sawhill, Harl C. Duffey, Jr.,* for appellant (Case No. 35515).

*Chance, Maddox, Jones & Collins, Howard W. Jones,* for Garigan et al.

*Harl C. Duffey, Jr.,* for appellees (Case No. 35516).