35824. CRUCE et al. v. RANDALL et al.

MARSHALL, Justice.

We granted certiorari in this case to determine the narrow issue of whether it was proper to enter summary judgment in favor of the nonmoving party plaintiff as well as for the movant party plaintiff, absent written notice or waiver thereof, on the ground that the issues were the same as those involved in the movant's motion, of which the opposite parties had notice.

We will not set forth all of the facts in the case, which may be found in the Court of Appeals' opinion. *Cruce v. Randall,* 152 Ga. App. 183 (262 SE2d 488) (1979). Suffice it to say that the two plaintiffs were joint obligees on a promissory note on which the defendants were the obligors, and that the issues concerning the defendants' liability are identical as to both plaintiffs, as was held by the Court of Appeals.

The Court of Appeals dealt with the issue of whether the trial court may grant summary judgment to a nonmoving party as one of first impression in Georgia. However, that court, in *Massey v. Consolidated Equities Corp.*, 120 Ga. App. 165 (1) (169 SE2d 672) (1969), upheld the grant of summary judgment to a nonmoving party. It is true that the moving party in that case was an *opposite* party, which was also the situation in our recent case of *Golston v. Garigan,* 245 Ga. 450 (1980). The Court of Appeals in the case sub judice relied on the interpretation of Rule 56 of the Federal Rules of Civil Procedure, which is almost identical to Code Ann. § 81A-156, to permit such a procedure where, as here, such filing would be a pure formality. Their opinion quoted with approval this caveat: "Care should, of course, be taken by the [trial] court to determine that the party against whom summary judgment is rendered has had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact to be tried, and that the party for whom summary judgment is rendered is entitled thereto as a matter of law." 6 Moore's Federal Practice 56-331, 56-334, ¶ 56.12.

The appellants argue that ¶ 56.12 of Moore's supra, deals with situations, unlike the present one, involving the grant of summary judgments in favor of nonmoving parties who are responding to the *opposite* party's own summary judgment motion. They contend that the applicable standard is set forth at 6 Moore's Federal Practice 56-341, 56-349, ¶ 56.13, i.e., "that appellant's motion for summary judgment apprised his adversary, who also had moved for summary judgment, that he should be prepared to meet the appellant's position that on the undisputed facts appellant was entitled to judgment as a matter of law."

It is true that the exact situation existent in the case sub judice is not covered specifically in these chapters of Moore's. We do note the citation in ¶ 56.12 at p. 56-332 of the case of Mantin v. Broadcast Music, Inc., 248 F2d 530 (9th Cir. 1957), 24 FR Serv. 12b. 336, Case 1, which holds that it was error for the trial court to grant a summary judgment to moving defendants dismissing the action not only as to themselves, but also as to the nonmoving

defendants. This was done on the basis of the lack of standing of the movants to seek dismissal of the action as to the nonmovants. We do not see this as authority contra to the Court of Appeals' holding here under review. The nonmoving plaintiff has fully concurred in the grant of summary judgment in his favor in this case, and there appears no reason why this was error.

The appellants contend that the issues as to the two plaintiffs were not identical, for the reason that the nonmovant, unlike the movant, was present at the closing of the real estate sale and made the alleged oral statements which, they contend, raise the issue of fraud. The issue of fraud was raised by the appellants in their separate suit against the plaintiffs, however, and was resolved against them by Division 3 of the Court of Appeals' opinion. Therefore, this was not such a genuine issue of material fact as would make the grant of summary judgment to the nonmoving plaintiff erroneous.

Accordingly, we conclude that, while in most cases it is better practice to await a motion for summary judgment before entering it for a party, it was not erroneous under the circumstances of this case, where the issues were the same as those involved in the movant's motion, hence the opposing parties had notice thereof, and where the nonmovant consented to the entry of summary judgment in his favor.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 10, 1980 — DECIDED
APRIL 22, 1980.

*J. C. Rary, Robert P. Hoyt,* for appellants.
*Tom Benham, Louis F. McDonald, George O'Hanlon,* for appellees.