37086, 37087. EIBERGER v. WEST; and vice versa.

SMITH, Justice.

In 1973, appellee sold appellant certain real estate for $70,000.00. Appellant executed a promissory note payable to appellee in the amount of $60,000.00 "with interest thereon from date at the rate of seven & one-half (7 1/2%) per centum per annum add on, on the unpaid balance until paid, in quarterly installments, as follows: The sum of $2,625.00 including principal and interest shall be payable quarterly in forty (40) quarterly installments, the first payment due and payable October 30, 1973; the second payment due and payable January 30, 1974; the third payment due and payable April 30, 1974; and the fourth payment due and payable July 30, 1974, and payable each and every succeeding three (3) months on the 30th day thereafter, the last payment due and payable on July 30, 1983. If the 30th day of the month within which a payment is due falls on Saturday, Sunday or legal holiday, the payment will be due and payable the next succeeding business day." The note was secured by a deed to secure debt.

On July 30, 1979, appellant ceased payment under the note, after he had paid 23 installments totaling $60,375.00.

Appellee filed this action, alleging that "if the promissory note ... is usurious," it was the result of "mistake of fact material to the

contract in that neither party realized or intended for the note to bear usurious interest . . ." The complaint prays for "relief in equity" and reformation of the contract "so as to provide for the payment and receipt of the 7 1/2 per cent simple interest on the principal unpaid balance" as well as attorney fees and expenses of litigation. Appellant filed an answer and counterclaim in which he prayed, inter alia, that the promissory note "be declared satisfied" and that the note "be declared usurious."

Both parties moved for summary judgment. The court found that the note charged an excessive rate of interest, but noted that this was not apparent on the face of the instrument. The court also found that the terms of the note had been offered by the buyer and that they were accepted by the seller without any knowledge on her part that the terms were improper. Finally, the court found that "Eiberger intentionally devised this scheme to obtain the property for $70,000 . . . without paying any interest, while causing Mrs. L. S. West to believe that she would receive legal interest and principal totaling $115,000" and that "Eiberger fraudulently acted to perpetrate this scheme to avoid payment of interest and is estopped to assert the defense of usury." Based upon these findings, the court ruled as follows: "[T]he Court hereby grants the motion for summary judgment of the Plaintiff and denies the motion of summary judgment of the Defendant, [and] there being no good reason in law or equity why this judgment should not be made final, it is hereby ordered to be made final and the Court further orders as a matter of equity that the Defendant shall have until October 1, 1980, to bring the quarterly payments current and that if the quarterly payments in arrears are made current on or before October 1, 1980, then the acceleration of the balance of the unpaid quarters shall not be accelerated and the note may be paid by its terms and enforced by its terms thereafter. Expenses and attorneys' fees are denied." We affirm on the main appeal, and reverse on the cross-appeal.

1. On the main appeal, appellant asserts that the trial court erred in granting appellee's motion for summary judgment and in denying his motion.

a) It is widely recognized that "[t]he borrower cannot use the [usury] statute to take advantage of his own wrong. [Cits.]" Hall v. Montaleone, 38 Ill. App. 3d 591, 593 (348 NE2d 196) (1976). "[T]he majority of jurisdictions hold that estoppel can lie to bar the defense of usury . . ." (Heubusch v. Boone, 213 Va. 414, 421 (192 SE2d 783) (1972); Massie v. Rubin, 270 F2d 60 (10th Cir. 1959)), and Georgia has followed the majority rule. See *Holt v. Rickett,* 143 Ga. App. 337, 340 (238 SE2d 706) (1977), in which the Court of Appeals held the doctrine of estoppel applicable where "the note requiring usury was

prepared by the borrower and presented to the unwary lender."

The instant case is before this court by virtue of summary judgment. Thus, in order for estoppel to govern this case, it must exist as a matter of law. "[W]here the facts relied on to establish the estoppel do not unequivocally show an estoppel in pais, the jury, and not the judge, should determine whether the facts constitute such an estoppel." *Tune v. Beeland,* 131 Ga. 528 (3) (62 SE 976) (1908). "Estoppel is usually an issue of fact to be decided by the jury. *Hall v. Rogers,* 225 Ga. 57, 58 (165 SE2d 829)." *Vines v. Citizens Trust Bank,* 146 Ga. App. 845, 848 (247 SE2d 528) (1978).

The trial court's finding of estoppel is based on fraud. See *American Century Mtg. Investors v. Regional Center, Ltd.,* 529 SW2d 578 (Tex. Civ. App. 1975); Buck v. Dahlgren, 23 Cal. App. 3d 779 (100 Cal. Rptr. 462) (1972); Jue v. Bass, 299 F2d 374 (9th Cir. 1962). Although we recognize that there is evidence of actual fraud in the record, we cannot say that the evidence *demands* a finding of actual fraud. See *Crowder v. Electro-Kinetics Corp.,* 228 Ga. 610, 614 (187 SE2d 249) (1972). On motion for summary judgment, "the party opposing the motion is to be given the benefit of all reasonable doubts and all favorable inferences that may be drawn from the evidence. *H & H Wholesale Supply Co. v. White,* 127 Ga. App. 707 (194 SE2d 609) and cits." *Davis v. Dickson,* 232 Ga. 338, 339 (206 SE2d 473) (1974).

Nonetheless, we affirm the trial court's judgment. The following facts are uncontroverted: The property was first offered by appellee for $125,000.00. Appellant expressed an interest in the property, but "said that he could not pay what she was asking." Appellant then made a counter-proposal to appellee's real estate agent, stating "I will give you a proposition I would like for you to make to Mrs. West." The "proposition" was, in essence, the contract which appellant now asserts is usurious. Appellant is a businessman who, by his own admission, has been "involved in a number of real estate transactions." In contrast, appellee's only job has been as an assistant in her father's business. Her experience in real estate transactions is exceedingly limited, and she clearly had no knowledge that the real estate contract presented by appellee contained a usurious effective interest rate. See *Graham v. Lynch,* 206 Ga. 301 (57 SE2d 86) (1950). Appellant was represented by legal counsel, who conducted the closing. Appellee was not represented by counsel either prior to or at the closing.

"[S]ummary judgment may be granted on evidence that would compel the direction of a verdict; and should be denied when a directed verdict would be improper." 6 Moore's Federal Practice, ¶ 56.15[4], p. 56-522. In our view the evidence demands a finding that appellant and his attorney had supervised and controlled the

transaction and that appellee had placed her trust in them. Cf. White v. Seitzman, 230 Cal. App. 2d 756, 761 (41 Cal. Rptr. 359) (1964). Appellant may not now take advantage of the state of affairs for which he is responsible. See *Holt v. Rickett,* supra; Rogus v. Continental Illinois Nat. Bank & Trust Co., 4 Ill. App. 3d 557 (281 NE2d 346) (1972). "It is true that the usury statutes represent a clarification of the public policy of the state that usury is not to be tolerated, and the court should therefore be chary in permitting this policy to be thwarted. Nevertheless, instances may arise in which the borrower by his conduct or representations induces another to enter into a usurious agreement that he would not otherwise have made." Heubusch v. Boone, supra at 421. This is such an instance.

In anticipation of the above ruling, appellant has argued that estoppel cannot be relied upon in this case because the complaint was, in essence, one for reformation based upon mutual mistake. What appellant apparently overlooks, however, is the fact that he made his own motion for summary judgment seeking to have the note declared usurious, and, therefore, satisfied by the payment of the principal alone. In this context, the issue of estoppel was raised and fully presented. "[S]ummary judgment can be granted to a non-moving party provided that the grant is proper in all respects. *Massey v. Consolidated Equities Corp.,* 120 Ga. App. 165, 168 (169 SE2d 672) (1969)." *Golston v. Garigan,* 245 Ga. 450, 451 (265 SE2d 590) (1980). See also *Cruce v. Randall,* 245 Ga. 669 (266 SE2d 486) (1980).

The trial court, in effect, granted summary judgment to appellee as a non-moving party on appellant's motion and did not reach the issues raised in appellee's motion for summary judgment. This was not error.

b) It follows from our holding in Division 1 (a) of this opinion that the trial court did not err in denying appellant's motion for summary judgment.

2. In her cross-appeal, cross-appellant asserts that the trial court erred in refusing to award attorney fees under Code Ann. § 20-506, and in failing to submit the issue of expenses of litigation (including attorney fees) to the jury.

Code Ann. § 20-506 provides in part that "[o]bligations to pay attorney's fees upon any note or other evidence of indebtedness . . . shall be valid and enforceable, and collectible as a part of such debt, if such note or other evidence of indebtedness be *collected by or through an attorney after maturity . . .*" (Emphasis supplied.) In the instant case, the trial court's order has modified the terms of the note by allowing cross-appellee extra time to "bring the quarterly payments current." Cross-appellant does not challenge this portion

of the trial court's order. By its terms, the obligations under the note have not matured. Attorney fees are therefore unavailable under Code § 20-506.

Cross-appellant also asserts a jury issue is presented with respect to expenses of litigation. Code § 20-1404 provides: "The expenses of litigation are generally not allowed as a part of the damages; but if the defendant has acted in bad faith, or has been stubbornly litigious, or has caused the plaintiff unnecessary trouble and expense, the jury may allow them."

"This section has been applied to equity cases. *Grant v. Hart,* 197 Ga. 662 (30 SE2d 271) (1944)." *Jones v. Spindel,* 239 Ga. 68, 72 (235 SE2d 486) (1977). As we cannot say as a matter of law that expenses of litigation are not authorized under Code Ann. § 20-1404, the judgment on the cross-appeal must be reversed. See *Chambers v. C. & S. Nat. Bank,* 242 Ga. 498, 504 (3) (249 SE2d 214) (1978).

*Judgment affirmed on main appeal; reversed on cross-appeal. All the Justices concur.*

DECIDED JULY 7, 1981.

*David S. Rand,* for appellant.
*Sidney Haskins,* for appellee.