68145, 68146. MYSZKA v. HENSON & HENSON, P. C.;
and vice versa.

BANKE, Presiding Judge.

In November 1978, August Myszka employed the law firm of Henson, Collins, and Butler, P. C., to pursue a property damage claim against the City of Columbus, Georgia, and Ray M. Wright, Inc., a real estate developer. His contract with the firm provided that he would pay attorney fees in the amount of 100 percent of the first $2,000 recovered and 40 percent of any recovery beyond that amount. On August 31, 1979, attorney Butler, who had been solely responsible for preparation of Myszka's case, resigned from the law firm, taking with him the Myszka case file as well as several other files. Butler continued to represent Myszka thereafter. A jury trial was held in October of 1979, resulting in a verdict for Myszka against the city and Roy M. Wright, Inc., in the approximate amount of $46,000.

The law firm of Henson & Henson, P. C., as successor to Henson, Collins, and Butler, P. C., brought this action against Myszka to re-

cover attorney fees based on the contingent fee contract or, alternatively, on quantum meruit. Myszka filed counterclaims based on tortious interference with property rights and abuse of process. These counterclaims were based on the firm's actions in filing various money rules and attorney's liens with the sheriff of Muscogee County, asserting their interest in any funds paid in to the sheriff pursuant to the execution of Myszka's judgment against Columbus and Ray M. Wright, Inc. The jury awarded Henson & Henson, P. C., $4,960 on its quantum meruit claim, and also found in favor of the firm on Myszka's counterclaims. Case No. 68145 is Myszka's appeal from the judgment entered on that verdict. In case No. 68146, Henson & Henson cross-appeals from the denial of its motion for judgment notwithstanding the verdict, based on a contention that it was entitled as a matter of law to recover the greater sum called for under the fee contract. *Held*:

1. The evidence was sufficient to authorize the jury to conclude that at the time of Myszka's trial and subsequent verdict against the city and Ray M. Wright, Inc., the Henson firm was no longer employed by Myszka. Kenneth Henson, Jr., President of Henson & Henson, testified unequivocally that the firm had not represented Myszka after August 31, 1979. The jury was authorized under these circumstances to return a verdict based on quantum meruit for services rendered by the firm prior to September 1, 1979, rather than to return a verdict based on the fee contract. Cf. *Dorsey v. Edge*, 75 Ga. App. 388 (2) (43 SE2d 425) (1947). Indeed, the firm concedes that it would not be entitled to recover on the contract had it been formally discharged by Myszka. We do not think a different result should obtain where the firm discontinued its representation without a formal notice that it had been discharged.

2. As noted above, Myszka's counterclaims were based on a contention that Henson & Henson, P. C., had wrongfully misapplied the attorney's lien and money rule procedures to his detriment. The money rule procedure is set out in OCGA § 15-13-13 (former Code Ann. § 24-211). In an earlier appeal, this court considered the validity and appropriateness of the very liens and money rules at issue in this appeal, following a disbursement of funds ordered by the Superior Court of Muscogee County. In that decision we found that the money rules "were . . . appropriate . . . and that it was error for the trial court to order the sheriff to disburse the funds held by that officer since valid money rules claiming a portion of the fund had been filed against the sheriff." *Henson & Henson v. Myszka*, 160 Ga. App. 135, 136 (286 SE2d 456) (1981). Although the affirmative defense of res judicata was not specifically raised by the firm, it is clear, for the reasons set forth in this prior opinion, that Myszka was not entitled to a recovery for malicious abuse of process. The enumerations of error

directed to the trial court's charges to the jury with respect to the counterclaims are accordingly moot and need not be addressed.

*Judgments affirmed. Pope and Benham, JJ., concur.*

DECIDED APRIL 20, 1984 —
REHEARING DENIED MAY 14, 1984 —

John W. Denney, Kathelen Van Blarcum, for appellant.
Jesse W. Walters, Jeffrey M. Smith, Richard L. Shackelford, J. Randolph Evans, Kenneth M. Henson, Jr., for appellee.