## 69408. RASMUSSEN v. NODVIN.
(329 SE2d 541)

BENHAM, Judge.

After appellee/attorney Nodvin had settled for $40,000 a case which appellant Rasmussen had filed against an insurance company, Nodvin filed suit against his client, seeking the 50% contingency fee for which the parties had contracted. Appellant Rasmussen acknowledged that she had executed the contingency fee contract in question, but refused to pay the fee allegedly due, contending that the contract was against public policy, lacked consideration, called for an excessive and unreasonable fee, and was procured by fraud. Rasmussen filed a counterclaim in which she sought damages for fraud, "negligent overcharging," abuse of process, and sought to pay Nodvin for his legal services quantum meruit, not to exceed $5,000. Appellant made several motions, culminating in a motion for partial summary judgment on Nodvin's contractual claim. Nodvin filed a motion for summary judgment the day before the hearing on appellant's motions was scheduled to be heard. The trial court granted Nodvin's motion for summary judgment, denied appellant's motion for partial summary judgment, dismissed appellant's counterclaim, and awarded litigation expenses to appellee after finding appellant to have been stubbornly litigious and to have acted in bad faith. Appellant brought this appeal from the judgment entered on the trial court's order.

1. Appellant first contends that the trial court erred in even considering appellee's motion for summary judgment because it was served one day, rather than 30 days, "before the time fixed for the hearing." See OCGA § 9-11-56 (c). Both appellant's motion for partial summary judgment and appellee's motion for summary judgment concerned appellee's breach of contract claim.

" '(S)ummary judgment can be granted to a non-moving party provided that the grant is proper in all respects.' " *Eiberger v. West,* 247 Ga. 767, 770 (281 SE2d 148) (1981). See also *Golston v. Garigan,* 245 Ga. 450 (1) (265 SE2d 590) (1980); *Massey v. Consolidated Equi-*

*ties Corp.*, 120 Ga. App. 165 (1) (169 SE2d 672) (1969). On summary judgment, each party has a duty to present his case in full. *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601, 604 (203 SE2d 173) (1974). If summary judgment can be granted a non-movant, it follows that a cross-movant may obtain summary judgment when the issue of the two motions is the same, even if the hearing on the motions is within 30 days of the filing of the cross-motion. However, " '[c]are should, of course, be taken by the (trial) court to determine that the party against whom summary judgment is rendered has had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact to be tried, and that the party for whom summary judgment is rendered is entitled thereto as a matter of law.' [Cit.]" *Cruce v. Randall*, 152 Ga. App. 183 (1) (262 SE2d 488) (1979), affd., 245 Ga. 669, 670 (266 SE2d 486) (1980). We note further that the trial court stated in its order that counsel for appellant "consented to the court hearing argument on [appellee's] Motion for Summary Judgment," and was afforded a post-hearing opportunity to respond thereto. Thus, the trial court found appellant to have waived the 30-day period and, the hearing not having been reported, we must assume that the trial court acted correctly.

2. Addressing the merits of the award of summary judgment to appellee, appellant argues that there remain issues of material fact concerning the existence of a prior fee arrangement between the parties and whether or not appellant had dismissed appellee prior to the settlement of the insurance case. In light of appellant's acknowledgement that she had executed the fee contract presently in issue, the existence or nonexistence of an earlier contract between the parties is of no consequence.

The question whether appellant terminated her relationship with appellee before settlement of the insurance case merits scrutiny. Appellant sent a registered letter dated March 10, 1983, to appellee, confirming her "oral instructions that you no longer represent me as attorney in any pending legal action" and demanding all files and correspondence. On March 31, appellee wrote a letter to appellant outlining the status of the case and seeking authority to make a $37,500 settlement. Appellant gave appellee the authorization he requested and appellee subsequently settled the case for $40,000. There is no evidence that the court in which the case was pending was ever notified of appellee's discharge.

"[W]here an attorney at law has actually appeared in court on behalf of his client, and has thus become the attorney of record for that party, . . . if the attorney of record continues to act as such after he has in fact been discharged, the client continues to be bound thereby until the record which establishes his attorneyship is made to indicate his discharge." *Rooke v. Day*, 46 Ga. App. 379, 380 (167 SE

762) (1932). Appellant was bound by appellee's actions which culminated in the $40,000 settlement. Inasmuch as appellee was appellant's attorney of record at the time the contingency (i.e., the recovery) was achieved and played an active part in reaching the settlement, appellee is entitled to recover on the fee contract he and appellant executed. *Bearden v. Lane*, 107 Ga. App. 424 (1) (130 SE2d 619) (1963). Compare *Myszka v. Henson & Henson*, 170 Ga. App. 878 (1) (318 SE2d 672) (1984).

3. Appellant next asserts that the trial court erroneously ruled that the contingency fee contract did not violate public policy and therefore erroneously failed to grant appellant's motion for partial summary judgment on the contract. Appellant maintains that the contingency fee contract is unenforceable because portions of it allegedly violate the Canons of Ethics of the State Bar of Georgia. However, neither of the provisions which appellant claims violates public policy is at issue here. Even if we were to assume that the clauses appellant finds objectionable were violative of public policy, under the doctrine of severability "the invalid [provisions do] not render other provisions of the contract void. [Cits.]" *Horne v. Drachman*, 247 Ga. 802 (2) (280 SE2d 338) (1981).

4. While it appears that the Supreme Court has condoned the ability of the trial court to award attorney fees pursuant to OCGA § 13-6-11 on summary judgment (see *City of Marietta v. Holland*, 252 Ga. 299 (3) (314 SE2d 97) (1984); compare *Joseph Camacho Assoc. v. Millard*, 169 Ga. App. 937 (2) (315 SE2d 478) (1984)), the trial court in the case at bar, "sitting as the trier of fact," awarded attorney fees to appellee after finding appellant to have acted in bad faith and to have been stubbornly litigious. "The cardinal rule in the summary judgment procedure is that the court can neither resolve the facts nor reconcile the issues, but only look to ascertain if there is an issue of fact. [Cit.]" *Jonesboro Tool & Die Corp. v. Ga. Power Co.*, 158 Ga. App. 755, 758 (282 SE2d 211) (1981). By the very language of its order, the trial court, on this issue, transformed the summary adjudication into a bench trial. That not being the posture of the case, we must reverse the trial court's award of attorney fees to appellee.

5. In her final enumeration of error, appellant asserts error in the trial court's dismissal of her counterclaim.

In one count of her counterclaim, appellant seeks damages for appellee's alleged abuse of process. " 'Malicious *abuse* of civil process . . . lies when the plaintiff in a civil proceeding wilfully misapplies process of the court in order to obtain an objective such process was not intended by law to achieve' . . . Insofar as this allegation is an attack upon the *mere issuance* of the summons and complaint, by which [appellant] was legally and properly made a party defendant to the action, it has no bearing or relevancy to, and cannot serve as a

predicate for, a counterclaim for *abuse* of civil process." *Medoc Corp. v. Keel*, 152 Ga. App. 684 (1) (263 SE2d 543) (1979). See also *Henson v. American Family Corp.*, 171 Ga. App. 724 (5) (321 SE2d 205) (1984).

The remaining counts of the counterclaim seek judicial approval of appellant's desire to pay appellee no more than $5,000 for his legal services, and to recover an indebtedness, the difference between that which appellant would have received under a 33-⅓ % contingency fee contract and that which she would receive under a 50% contingency fee contract. We think that the trial court properly dismissed these counts as failing to state a claim. OCGA § 9-11-12 (b) (6).

*Judgment affirmed in part and reversed in part. Banke, C. J., and Pope, J., concur.*

DECIDED MARCH 11, 1985 —
REHEARING DENIED MARCH 27, 1985 — ▮▮▮▮▮▮▮▮

*Paul R. Koehler, Angela R. Arkin*, for appellant.
*T. Jackson Bedford, Jr., Jeffrey M. Smith, James C. Morton*, for appellee.