76672. DENNIS v. INDEPENDENT FIRE INSURANCE COMPANY.
(370 SE2d 24)

DEEN, Presiding Judge.

On June 7, 1983, appellant purchased an insurance policy on her home from appellee. The premiums were due and payable monthly, and the contract provided for a thirty-day grace period. During the first week of the month, a representative of the company would collect the monthly premium at the appellant's home. The policy was paid up to the end of January 1987. In the representative's deposition, he states that he went by her home in February during the first week, as was his custom, to collect the premium, but she was not at home. Apparently, she was in the hospital. He called again the following week, but she was still not at home. He claims that he contacted her during the third week, but she stated that she did not wish to keep the policy because a recent rate increase was too high. Mrs. Dennis denied that he visited or spoke to her. He did not return, and she failed to pay any further premiums. Her house was destroyed by fire on April 24, 1987. She brought suit to recover for the fire loss, alleging coverage under the policy. The insurance company moved for summary judgment, and the motion was granted. Mrs. Dennis appeals. *Held*:

Mrs. Dennis admits knowing that the company's representative came by to collect the premium each month, but she did not leave any money with her daughter-in-law to pay the premium. She also admits that her daughter-in-law informed her that the representative had been by the house to collect the premium.

The policy provides: "Should our agent fail to call for any premium or fail to accept your tender of such premiums, you remain responsible for paying the premium when due at one of our offices." The policy further provides: "If the premium due is not paid by the expiration of the grace period, your policy is no longer in force and no insurance coverage is provided." Mrs. Dennis did not tender the February, March and April premiums until October 19, 1987, some three months after she filed suit.

Appellant's sole argument on appeal is based on OCGA § 13-4-4, which states: "Where the parties, in the course of the execution of a

contract, depart from its terms and pay or receive money under such departure, before either can recover for failure to pursue the letter of the agreement, reasonable notice must be given to the other of intention to rely on the exact terms of the agreement. The contract will be suspended by the departure until such notice."

The evidence shows that the parties were abiding by the terms of the contract and that none of the terms were waived by the company. The agent called at appellant's residence to collect the premiums, and she did not pay him or remit them to the company's office. There was no mutual departure from the terms of the contract. *Prudential Ins. Co. of America v. Nessmith*, 174 Ga. App. 39 (329 SE2d 249) (1985).

Construing the evidence in favor of the party opposing the motion, *Eiberger v. West*, 247 Ga. 767 (281 SE2d 148) (1981), we find that the contract clearly provided that if the agent should fail to call to collect the monthly premium the policyholder was responsible for paying the premiums when due at one of the company's offices. Mrs. Dennis admitted that she was aware of the representative's visit during the first week in February, but made no subsequent effort to pay the premium during the grace period. She also admitted having a copy of the policy, and that she could read.

We find no issues of fact requiring jury resolution.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED MAY 26, 1988.

*O. L. Crumbley, Jr., Charles R. Free*, for appellant.
*Walter E. King III*, for appellee.