## A89A1751. HOWELL MILL/COLLIER ASSOCIATES v. PENNYPACKER'S, INC.
### (390 SE2d 257)

BIRDSONG, Judge.

Appellant Howell Mill/Collier Associates appeals the final order and judgment in this case, and enumerates several errors pertaining to the trial court's grant, without motion, of partial summary judgment to appellee/defendant as to appellant/plaintiff's complaint, and asserts that the trial court also erred by denying it the opportunity to be heard in connection with the rendition of summary judgment.

Appellant/plaintiff leased store space to appellee/defendant in a shopping center. Subsequently, appellant's agent claimed that appellee was in breach of contract by failing to pay rent in accordance with the terms of the lease, and made a demand for immediate possession of the premises. Demand for possession allegedly was made by appellant not in termination of the lease, but in accordance with options therein provided. Appellee's president responded by asserting that the lease was now rendered null and void, and stated its intent to relinquish possession of the premises subject to receipt of a certain legal document. Appellee, however, did not immediately vacate the premises. The record reflects the trial court denied appellant's motion for summary judgment, and in doing so entered various findings and conclusions. Among the trial court's conclusions were that appellant breached the lease agreement by demanding rental payments and immediate possession of the premises, and by evicting appellee by taking the keys to the premises at times when no rents were due; and, that appellee under such circumstances had the right to rescind the contract. *Held*:

1. Appellant asserts that the trial court denied it an adequate opportunity to address the proposition that there is no genuine issue of material fact to be tried, and that the party to whom summary judgment is rendered, without motion, is entitled to such an opportunity as a matter of law.

The record does not disclose that the trial court expressly granted partial summary judgment to appellee in its order filed September 10, 1987. However, the effect of this order, which denied appellant's motion for summary judgment, clearly included a grant of partial summary judgment to appellee as asserted. There is no magic in nomenclature; thus, in classifying the order of a trial court, we will construe it to serve the best interests of justice, judging the order by its function rather than by its name. See *Frost v. Frost*, 235 Ga. 672,

674 (1) (221 SE2d 567).

It is well-settled that summary judgment can be granted to a non-moving party provided the grant is proper in all other respects. *Golston v. Garigan*, 245 Ga. 450 (1) (265 SE2d 590). As a general rule, "[i]f the record demands such a judgment, it would be proper." *DeMudd v. Atlanta &c. Taxi-Cab Group*, 172 Ga. App. 626, 627 (323 SE2d 910). However, " '[c]are should, of course, be taken by the (trial) court to determine that the party against whom summary judgment is rendered has had a full and fair opportunity to meet the proposition that there is no genuine issue of material fact to be tried, and that the party for whom summary judgment is rendered is entitled thereto as a matter of law.' " *Cruce v. Randall*, 152 Ga. App. 183 (1) (262 SE2d 488); aff'd 245 Ga. 669 (266 SE2d 486); accord *Rasmussen v. Nodvin*, 174 Ga. App. 203, 204 (1) (329 SE2d 541). " ' "The crucial point is to insure that the party against whom summary judgment is sought has had a full and final opportunity to meet and attempt to controvert the assertions against him." ' " *Colbert v. Piggly Wiggly Southern*, 175 Ga. App. 44, 48 (3) (332 SE2d 304). Examining the record in its entirety, we find appellant has not had a full and final opportunity in this instance to controvert the assertions inherently contained in the partial motion for summary judgment granted in behalf of non-moving appellee.

In *Cruce v. Randall*, supra at 245 Ga. 671, the Supreme Court provided the following guidance, "while in most cases it is better practice to await a motion for summary judgment before entering it for a party, it was not erroneous under the circumstances of this case, *where the issues were the same* as those involved in the movant's motion, *hence the opposing parties had notice thereof*, and where the nonmovant consented to the entry of summary judgment in his favor." (Emphasis supplied.)

In this case, the issues contained in appellant's motion for summary judgment and those inherently contained in a grant of partial summary judgment to appellee substantially were not the same. For example, appellant's motion did not contain any direct issues of contract rescission or constructive eviction, and such issues could not readily be discerned from the posture of *admissible* evidence of record either in support of or in opposition to appellant's motion. Hence, appellant had inadequate notice within the meaning of *Cruce v. Randall*, and the trial court erred in sua sponte granting summary judgment without first placing appellant on adequate notice thereof so that he could meet and attempt to controvert the assertions inherently contained in such a grant. We decline to speculate regarding what particular defenses appellant might also have raised in view of appellee's conduct in subsequently retaining possession of the premises after sending its letter asserting a qualified acquiescence, without

protest, in response to appellant's initial demand for immediate possession. Suffice it to say appellant in this instance has been denied the opportunity, provided by law, to attempt to controvert.

2. Appellant asserts that the trial court erred in rendering partial summary judgment for appellee because its findings that no genuine issue of fact existed as to certain matters was based upon evidence that was not admissible within the meaning of OCGA § 9-11-56 (e).

In particular, the trial court's order reflects "[t]he [c]ourt finds the facts to be as set out in [d]efendant's brief." It is well settled that unsupported factual assertions in briefs cannot be considered in the appellate process. *Behar v. Aero Med Intl.*, 185 Ga. App. 845, 847 (366 SE2d 223). Among those facts in defendant's brief adopted by the trial court and clearly relied upon in the court's grant of partial summary judgment to appellee/defendant were the purported facts that "the lease provided that the [d]efendant would receive five (5) months free rent from the date that [d]efendant opened for business, or beginning thirty (30) days after [p]laintiff completed the required improvements as outlined in the lease. These improvements were completed on September 20, 1985, thus rendering the effective date of the beginning of the lease as October 20, 1985, (See Exhibit I)."

Exhibit I is a letter from appellant's assistant property manager to appellee's owner. This letter and certain other correspondence were attached to the affidavits submitted by appellant and appellee. The letter pertinently states: "According to the lease, rental commencement is 30 days from occupancy or date [t]enant opens for business. Since there is so much confusion in the actual rental commencement date, we will agree with you and acknowledge the effective date of the lease to be October 20, 1985." Certain other correspondence thereafter made reference to this letter and to concessions therein made.

Appellee asserts that because appellant raised no objections to the affidavits or letters in the trial court, he may not raise this issue for the first time on appeal. See generally *Chapman v. McClelland*, 248 Ga. 725, 726 (286 SE2d 290); *Morris v. Southern Bell Tel. &c. Co.*, 180 Ga. App. 145 (348 SE2d 573). This case is distinguishable from *Chapman* where certain specific affidavits were involved. Appellant asserts that the information contained in the letters was hearsay. It is a well-established general rule that "hearsay testimony is not only inadmissible but wholly without probative value, and its introduction without objection does not give it any weight or force whatever in establishing fact." *Higgins v. Trentham*, 186 Ga. 264 (1) (197 SE 862); *Acme Fast Freight v. Southern R. Co.*, 67 Ga. App. 885, 887 (21 SE2d 493). Accordingly, an appellate court can consider the hearsay question notwithstanding the lack of a timely objection to the evidence at trial. See *Handley v. Limbaugh*, 224 Ga. 408, 413 (4) (a) (162 SE2d 400).

Appellee contends that the information contained in the correspondence constituted an admission of the plaintiff. "[J]udicial admissions [which may include admissions in pleadings, stipulations, affidavits, and other documents and trial conduct of the parties] define the issues in the suit. . . . They are conclusive, and as such, they should be clearly distinguished from admissions introduced as evidence." Green, Ga. Law of Evidence (2d ed.), Admissions § 238, p. 393. However, "[a]n admission in judicio applies only to the admission of fact and does not apply where the admission is merely the opinion or conclusion of the pleader as to law or fact. Thus, allegations which are conclusory, or which assert mere opinions of the pleader are not admissions in judicio. There may be an admission in judicio as to the existence of a legal relationship between the parties, but not concerning the effect of such relationship, as this would be a legal conclusion." Id. at p. 394. The rule pertaining to admissions in pleadings or other admissions in judicio are not applicable "where the admission is merely the opinion on the part of the party making it as to the legal effect of the instrument sued on, since it is the rule that . . . to recover on the contract set out therein, the fact that the plaintiff may have erroneously *construed* the contract sued on would not operate to effect a dismissal of the action." (Emphasis supplied.) *Clift & Goodrich v. Mincey Mfg. Co.*, 41 Ga. App. 38 (1) (152 SE 136); compare *Conaway v. American Guarantee &c. Ins. Co.*, 189 Ga. App. 194 (375 SE2d 144). The information in the letters, purporting to admit to certain contract terms including the contract's effective date and rental commencement date merely constituted an opinion or conclusion within the meaning of *Clift* and *Conaway*, and thus does not qualify as admissions in judicio. Accordingly, we find the pertinent information contained in the letters to be hearsay. "There is no probative value to hearsay, and it can raise no issues upon which to justify [the sua sponte grant by the trial court of a motion for partial] summary judgment." *Forde v. C & S Ga. Corp.*, 178 Ga. App. 400, 403 (343 SE2d 164). The trial court erred in basing certain findings of fact upon hearsay contained in the letters. This error cannot be deemed harmless, as the hearsay was not merely cumulative, there being no similar admissible evidence contained within the record.

In view of our holding we need not determine whether the opinions and conclusions contained in the letter further constituted a "proposition . . . made with a view to a compromise" within the meaning of OCGA § 24-3-37.

3. As our above holdings result in the reversal of judgment in this case, it is necessary *in the interest of judicial economy* to construe the rental commencement date of the lease, as it appears that the trial court will again be faced with this issue.

The lease pertinently provides: "RENTAL COMMENCEMENT

DATE: *Either* (i) September 1, 1985 *or* (ii) thirty (30) days following the date on which the [p]remises are [r]eady for [o]ccupancy *or* the date upon which [t]enant opens the [p]remises to the [p]ublic, *whichever shall first occur.*" (Emphasis supplied.)

This particular clause of the lease is not ambiguous. Under the terms of this clause, the rental commencement date is September 1, 1985, as the improvements required to make the premises ready for occupancy apparently were not completed until September 20, 1989. Though having to resort to use of a *magnifying glass* to examine the multi-paged, mini-printed copy of the lease found in this record, we find no other provisions of the written lease that purport to modify the above discussed clause pertaining to rental commencement date. Moreover, the lease expressly provides that "[t]his lease contains the entire agreement between the parties and no agreement, representation or inducement shall be effective to change, modify or terminate this lease in whole or in part unless in writing and signed by the parties."

"Where the terms of a written contract are clear and unambiguous, the court will look to the contract alone to find the intention of the parties." *Health Svc. Centers v. Boddy*, 257 Ga. 378, 380 (359 SE2d 659). As the contract is not ambiguous as to this term, parol evidence cannot be admitted to aid in construing it. See generally *Buice Grading &c. v. Bales*, 187 Ga. App. 263, 265 (370 SE2d 26). Moreover, parol evidence cannot be admitted to add to, take from, or vary the writing itself. Id. Indeed, as in *Buice*, the contract in question provides that it is the entire agreement between the parties. Further, the parol evidence rule is a rule of substantive law, and even though parol evidence has been erroneously admitted without objection it is without probative value to vary terms of a written contract. *Cooper v. Vaughan*, 81 Ga. App. 330, 337-338 (58 SE2d 453); accord *Lyon v. Patterson*, 138 Ga. App. 816, 820 (227 SE2d 423).

In view of our holdings in Divisions 1 and 2 above, appellant's remaining enumerations of error need not be addressed.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED JANUARY 4, 1990.

*John G. Grubb, Jr.*, for appellant.

*Ragsdale, Beals, Hooper & Seigler, William R. Patterson, Jr.*, for appellee.