A90A1796. RIVERGATE CORPORATION v. BCCP ENTERPRISES, INC.
(403 SE2d 65)

BEASLEY, Judge.

Defendant lessor Rivergate Corporation a/k/a Advance Leasing & Rent-A-Car, Inc., appeals from the denial of summary judgment to it and the grant of summary judgment to plaintiff BCCP Enterprises, Inc. d/b/a Palmer & Jones Body in this suit to collect, inter alia, the costs of repair of a wrecked vehicle. The leasing company contends that the trial court misapplied *Strother Ford, Inc. v. First Nat. Bank of Atlanta*, 258 Ga. 319 (368 SE2d 489) (1988), and that there was no contract or tort basis for the suit. It further contends that the court's award of attorney fees under OCGA § 13-6-11 for stubborn litigiousness was error.

1. The trial court's order set out the undisputed facts, the applicable law, and its legal conclusions. Considering the record and the arguments urged on appeal, the judgment must be affirmed on the primary issues because plaintiff is entitled to it as a matter of law. The trial court's order adequately explains its correct decision in this regard. That part of the judgment is affirmed in accordance with Rule 36 (3).

2. As to attorney fees, the court found that "Defendant's actions in this matter were sufficiently stubborn and litigious so as to subject them to the payment of attorney's fees." The court awarded $3,000, stated by the court to be "that amount representing the attorney's fees accrued by plaintiff in the prosecution of this claim."

Expenses of litigation under OCGA § 13-6-11 can be awarded on summary judgment, but the movant must be entitled to them as a matter of law. *City of Marietta v. Holland*, 252 Ga. 299, 304 (3) (314 SE2d 97) (1984). Generally, "[w]hether a plaintiff is entitled to recover expenses of litigation is solely a question for determination by a jury. [Cits.]" *Pritchett v. Rainey*, 131 Ga. App. 521, 522 (206 SE2d 726) (1974). As it applies to this case, then, the record must show that defendant was stubbornly litigious as a matter of law. *City of Mari-*

*etta*, supra. This it does not do.

Even assuming that it showed such actions on the part of defendant so that the court was stating an undisputed fact rather than making a finding of fact, the second fact which the movant must show is the reasonable value of the professional services which underlies the claim for attorney fees. *First Bank of Clayton County v. Dollar*, 159 Ga. App. 815, 817 (4) (285 SE2d 203) (1981); *Allen v. Harris*, 113 Ga. 107, 108 (4) (38 SE 322) (1901).

There is no evidence in the record supporting the court's award, either as to amount or as to its reasonableness. Thus it cannot be stated that these are undisputed facts. "On motion for summary judgment, the burden is on the movant to show that there is no genuine issue of material fact, . . ." *City of Marietta*, supra.

Thus the grant of summary judgment to plaintiff on the issues related to the OCGA § 13-6-11 claim must be reversed. *Rasmussen v. Nodvin*, 174 Ga. App. 203, 205 (4) (329 SE2d 541) (1985).

*Judgment affirmed in part and reversed in part. Pope and Andrews, JJ., concur.*

DECIDED FEBRUARY 14, 1991 —
REHEARING DENIED FEBRUARY 28, 1991 —

*Kirby G. Bailey*, for appellant.

*Glass, McCullough, Sherrill & Harrold, Scott M. Klauber, R. Philip Shinall III, James R. Harper*, for appellee.