A92A2047. LANPORT, INC. v. RELIANCE INSURANCE COMPANY.
(427 SE2d 584)

McMURRAY, Presiding Judge.

Murray Ohio Manufacturing Company ("Murray") brought an action against Lanport, Inc. ("Lanport"), alleging that Lanport is in the trucking business; that Lanport agreed to deliver a load of Murray lawnmowers from Lawrenceburg, Tennessee to Atlanta, Georgia and that the lawnmowers were stolen while en route to Atlanta due to the negligence of Lanport's truck driver. Specifically, Murray alleged that the cargo was stolen when Lanport's truck driver left the trailer and the cargo unattended at a vacant lot for approximately three hours. Lanport admitted that it agreed to deliver Murray's lawn-

mowers to Atlanta via truck and that the cargo was stolen while en route to the Atlanta destination, but denied that the cargo was lost due to the negligence of its truck driver. Lanport filed a third-party complaint against Reliance Insurance Company ("Reliance"), alleging that Reliance insured the cargo under a liability insurance policy and that Reliance refused to pay the loss and claimed the cargo was not covered because it was not "in due course of transit" when it was stolen. Reliance admitted these allegations and that the "term 'due course of transit' is not defined in the policy of insurance. . . ." Reliance later filed a motion for summary judgment. The trial court subsequently entered an order granting summary judgment, finding that "the goods were not 'in due course of transit' when the driver left them to tend to personal business [and that] the contract of insurance did not cover the goods while they were left at the empty lot." This appeal followed. *Held*:

The issues presented before the superior court and argued on appeal relate to the proper construction of an insurance policy. However, neither the insurance policy nor pertinent provisions of the insurance contract are included in the record. The parties merely stipulate that Reliance denied Lanport's claim because the stolen lawnmowers were not "in due course of transit" at the time of the loss.

"The movant has the burden to prove the non-existence of any genuine issue of material fact. . . ." *Haire v. City of Macon*, 200 Ga. App. 744, 746 (409 SE2d 670). In the case sub judice, Reliance failed to present evidence of the insurance contract at issue. Consequently, the trial court's order granting Reliance's motion for summary judgment must be reversed. *Rivergate Corp. v. BCCP Enterprises*, 198 Ga. App. 761, 762 (403 SE2d 65).

*Judgment reversed. Cooper and Blackburn, JJ., concur.*

DECIDED FEBRUARY 3, 1993.

*Chamlee, Dubus & Sipple, Gustave R. Dubus III*, for appellant.
*Drew, Eckl & Farnham, Paul W. Burke, Brooks B. Powers, Clark & Clark, Fred S. Clark*, for appellee.