## A11A0621, A11A0622. HENDRIX v. EAGLE NECK HOMEOWNERS' ASSOCIATION, INC.; and vice versa.

(711 SE2d 395)

ANDREWS, Judge.

Thomas Hendrix, a property owner in Eagle Neck subdivision, filed a petition for injunctive relief seeking to "restrain and enjoin" the Eagle Neck Homeowners' Association from violating certain restrictive covenants in its Declaration of Covenants, Conditions and Restrictions. Hendrix claimed the Association was violating Section 3.1 by allowing commercial use of the subdivision's private airstrip and was also violating Section 2.15 by allowing homeowners to drill private wells on their lots. The trial court granted summary judgment to the Association on Hendrix's claim to enjoin commercial use of the airstrip but denied summary judgment on his claim for violations allowing the drilling of wells.

In Case No. A11A0621, Hendrix appeals the trial court's sua sponte grant of summary judgment to the Association on his claim for violations under section 3.1.[1] In Case No. A11A0622, the Association appeals, claiming the trial court should have granted it summary judgment sua sponte on Hendrix's claim for violations of Section 2.15. For reasons that follow, we affirm in both cases.

### Case No. A11A0621

Hendrix appeals from the trial court's grant of summary judgment to the Association on his claim that the Association violated

---

[1] Although in most cases it is better practice to await a motion for summary judgment before entering it for a party, it was not erroneous under the circumstances of this case, where the issues were the same as those involved in the movant's motion, hence the opposing parties had notice thereof, and where the nonmovant consented to the entry of summary judgment in his favor. *Cruce v. Randall*, 245 Ga. 669, 671 (266 SE2d 486) (1980).

Section 3.1 of the covenants by allowing the subdivision's runway to be used for commercial purposes.

Summary judgment is proper when the evidence, construed in the nonmovant's favor, shows that no issue of material fact remains and the movant is entitled to judgment as a matter of law. A defendant may prevail on summary judgment "by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). We review the trial court's grant or denial of summary judgment de novo. See *Carter v. Parish*, 274 Ga. App. 97 (616 SE2d 877) (2005).

Section 3.1 of the "Declaration of Covenants, Conditions and Restrictions of Eagle Neck Subdivision," provides:

> The Developer, for itself, its successors and assigns, hereby covenants to convey to the Association as common proper-ties legal title to all areas which are so indicated upon the aforedescribed plat of survey. The Developer will retain title and all rights on the adjacent airstrip and airstrip areas; however, ingress and egress between the airstrip and lots designated as having airstrip access will be guaranteed. The Developer further guarantees all lot owners the right to use the airstrip for private, non commercial purposes and to provide each lot owner without airstrip access one aircraft tiedown space at no cost. The Developer may at some time in the future decide to convey the airstrip and the airstrip areas to the Association.[2]

Hendrix alleged in his petition that the Association was allowing one of the lot owners who also owned Fins and Feathers, a hunting and fishing club adjacent to the property, to fly in customers of the club for "profit and commercial purposes."

The trial court held that Hendrix was not entitled to injunctive relief because there was no evidence showing any actual use of the airstrip for commercial purposes; accordingly, there was nothing to enjoin.

Both below and on appeal, Hendrix's evidence in support of this claim was an advertisement from Fins and Feathers describing its amenities as including an airstrip adjacent to its property which provided guests with "the ability to fly in and fly out," and a letter sent by the Association to outside users of the airstrip trying to raise

---

[2] Apparently, at some point, the Developer did convey the airstrip to the Association.

money by leasing the rights to land at the airstrip.[3]

The Association submitted undisputed evidence that, although the Association did send out letters to nonresidents attempting to collect fees in return for use of the runway, the Association abandoned this attempt in January 2007. With regard to the advertisement by Fins and Feathers, Mark Lewis, president of the Association, testified at his deposition that as soon as the Association learned of the advertising on Fins and Feathers' website, they sent a letter informing Fins and Feathers that they could not use the airstrip.

Hendrix admitted at his deposition that he had no information that the Association was still trying to collect fees for use of the airstrip. He also admitted that he did not know if the airstrip was currently being used by customers of Fins and Feathers.

> Courts cannot restrain that which has already been done; and it appearing from all of the allegations of the petition that the acts complained of were fully consummated, there were no grounds for an injunction. *Whipkey v. Turner*, 206 Ga. 410, 415 (1) (57 SE2d 481) (1950); see also *Sandt v. Mason*, 208 Ga. 541, 546 (1) (67 SE2d 767) (1951). Moreover, courts of equity jurisdiction will not intervene to allay mere apprehensions of injury, but only where the injury is imminent and irreparable and there is no adequate remedy at law. (Citation and punctuation omitted.) *Morton v. Gardner*, 242 Ga. 852, 856 (252 SE2d 413) (1979).

(Punctuation omitted.) *Strange v. Housing Auth. of City of Summerville*, 268 Ga. App. 403, 407 (602 SE2d 185) (2004).

In this case, the undisputed evidence was that the Association informed Fins and Feathers that they could not use the airstrip and Hendrix could not state that, as of the date of his deposition, he knew of any customers of Fins and Feathers currently using the runway. Also, although the Association attempted at one time to charge fees to nonresidents for use of the runway, the Association had abandoned the attempt several years ago.

It follows that the trial court did not err in concluding that Hendrix had submitted no evidence showing that he was entitled to injunctive relief. Accordingly, the trial court properly granted sum-

---

[3] Hendrix cites to documents attached to his brief in support of this enumeration. "[E]xhibits attached to appellate briefs are not evidence, nor are they considered part of the record. This court has no duty to cull the record in search of evidence to support the contentions of parties." *Cox v. Southern Guaranty Ins. Co.*, 254 Ga. App. 776, 778 (2) (563 SE2d 882) (2002). See also Court of Appeals Rule 25 (c) (2) (i).

mary judgment to the Association on this claim.

### Case No. A11A0622

In this case, Eagle Neck Homeowners' Association appeals from the trial court's denial of Hendrix's motion for summary judgment on the issue of the drilling of private wells. Hendrix did not appeal the denial of his motion. Instead, the Association is arguing on cross-appeal that the trial court erred in not granting summary judgment to it sua sponte on the issue of private wells.

First, there was no motion for summary judgment filed by the Association. "It is well established that this Court is limited to considering only those grounds raised and ruled on below by the trial court and may not consider a basis for appeal not presented at the trial level." *Capital Land USA v. Mitsubishi Motors Credit &c.*, 308 Ga. App. 71, 73 (1) (706 SE2d 590) (2011).

Second, "although a trial court can grant summary judgment to a non-moving party when the issues are the same, thus providing sufficient notice to opposing parties (*Cruce v. Randall*, 245 Ga. 669, 671 (266 SE2d 486) (1980)), there is no authority for appellate courts to do so." *Coweta County v. Simmons*, 269 Ga. 694 (507 SE2d 440) (1998).

*Judgments affirmed. Phipps, P. J., and McFadden, J., concur.*

### DECIDED JUNE 8, 2011.

*Earle J. Duncan III*, for appellant.

*Ellis, Painter, Ratterree & Adams, Tracy A. O'Connell, Quentin L. Marlin*, for appellee.