# Staunton.

## HILLMAN v. CORNETT, ASSIGNEE.

September 20, 1923.

1. BILLS, NOTES AND CHECKS—*Action on Note—Execution or Transfer of Note—Section 6125 of the Code of 1919.*—In an action of debt at common law on a negotiable note, the plea of *nil debet* put in issue the execution of the note, or transfer thereof, but by section 6125 of the Code of 1919, when the execution and endorsements of the note are averred in the declaration, no proof thereof is required unless the plea putting it in issue should be supported by affidavit.

2. BILLS, NOTES AND CHECKS—*Action on Note—Execution or Transfer of Note—Burden of Proof—Section 6125 of the Code of 1919.*—Where the answer of the maker of a note denies that the payee endorsed it to the complainant as alleged in the latter's bill, and the denial is supported by affidavit, as required by section 6125 of the Code of 1919, the burden of proof is thrown upon the complainant to show such endorsement, and in default thereof his bill should be dismissed.

3. BILLS, NOTES AND CHECKS—*Action on Note—Denial of Execution and Endorsement—Case at Bar.*—In the instant case, an action against the maker of a note, defendant pleaded *nil debet* and two special pleas sworn to by him, one of which denied that the note was executed by defendant, and the other denied that the note was endorsed by the payee or another endorser, as alleged in the motion for judgment. It was proved on behalf of defendant and not questioned by plaintiff that the note was obtained by fraud and false representations by the payee. But plaintiff claimed to be a holder in due course, not affected by such fraud.

   *Held:* That the special plea of defendant put in issue the endorsement of the payee and threw upon the plaintiff the burden of proving that endorsement, who offered no evidence on the subject, and in the absence of any evidence of the genuineness of the signature of the payee, judgment should have been for the defendant.

4. BILLS, NOTES AND CHECKS—*Action on Note—Denial of Execution and Endorsement—Section 6125 of the Code of 1919.*—A plea under section 6125 of the Code of 1919 is equivalent to a plea of *non est factum.*

5. BILLS, NOTES AND CHECKS—*Holder in Due Course—Section 5621 of the Code of 1919.*—Section 5621 of the Code of 1919 provides: "Every

holder is deemed *prima facie* to be a holder in due course, but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course. But the last mentioned rule does not apply in favor of a party who has become bound on the instrument prior to the acquisition of such defective title." The last sentence of this section relates to paper which is in a state of negotiability when it is negotiated to the holder, and the apparent purpose of the clause was to cut off defenses of fraud between intermediate claimants. It has no application to a case where the note in question was not in a state of negotiability, because it lacked the endorsement of the payee, without which it could not be put into circulation so as to come into the hands of a holder in due course without notice, or where the endorsement of the payee was forged.

6. BILLS, NOTES AND CHECKS—*Holder in Due Course—Section 5621 of the Code of 1919.*—Prior to the negotiable instruments act (sec. 5621 of the Code of 1919) it was held in a number of cases that if the holder of negotiable paper had to trace title through fraudulent practices or unclean hands the burden was thrown upon him to show that he was a holder in due course, else he could not recover.

Error to a judgment of the Circuit Court of Dickenson county, in a proceeding by motion for a judgment for money. Judgment for plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Chase & McCoy* and *French & Sowards,* for the plaintiff in error.

*A. A. Skeen* and *Geo. C. Sutherland,* for the defendant in error.

BURKS, J., delivered the opinion of the court.

This was a proceeding by motion for a judgment by Cornett against Hillman on a negotiable note for $1,166.66. There was a verdict for the defendant which

the trial court set aside and entered judgment for the plaintiff.

The notice was given in the name of "S. M. Cornett, assignee of A. E. Rice who is assignee of A. B. Frederick." The note filed with the notice is for one thousand, one hundred and sixty-six and 66-100 dollars, dated February 2, 1921, signed by Hillman and payable six months after date to A. B. Frederick, or order, and is endorsed as follows: "A. B. Frederick, without recourse; A. E. Rice, without recourse; S. N. Cornett." Hillman pleaded *nil debet* and two special pleas. One of these special pleas denied that the note was executed by Hillman, and the other denied that the note was endorsed by either Frederick or Rice. Both of these pleas were sworn to by the defendant, Hillman.

The note was given for shares in a soap powder manufacturing patent. That it was obtained by fraud and false representations by Frederick, the payee of the note, is abundantly proved by testimony on behalf of the defendant and is not questioned by Cornett, the holder of the note and plaintiff in the action. But Cornett claims that he is a holder in due course of a negotiable note, and that he is not affected by the fraud perpetrated on Hillman. Section 6125 of the Code declares that "where a bill, declaration or other pleading alleges that any person made, endorsed, assigned, or accepted any writing, not under seal, no proof of the handwriting shall be required, unless it be denied by an affidavit accompanying the plea putting it in issue."

[1] In *Clason* v. *Parrish*, 93 Va. 24, 24 S. E. 471, it was held that "in an action of debt at common law on a negotiable note, the plea of *nil debet* put in issue the execution of the note, or transfer thereof, but by statute in Virginia (section 3279, now section 6125), when the execution and endorsements of the note are averred in

the declaration, no proof thereof is required unless the plea putting it in issue should be supported by affidavit. The object of the statute is to dispense with the proof of handwriting in certain cases."

[2] In *Piedmont Bank* v. *Hatcher*, 94 Va. 229, 26 S. E. 505, it was held that "where the answer of the maker of the note denies that the payee endorsed it to the complainant as alleged in the latter's bill, and the denial is supported by affidavit, as required by section 3279 of the Code (now section 6125), the burden of proof is thrown upon the complainant to show such endorsement, and in default thereof his bill should be dismissed."

[3, 4] The special plea of the defendant, which was sworn to, put in issue the endorsement of Frederick and threw upon the plaintiff the burden of proving that endorsement, but he offered no evidence on the subject, and, testifying in his own behalf, stated that he had never seen or known Frederick. In *Holdsworth* v. *Anderson Drug Co.*, 118 Va. 361, 362, 87 S. E. 566, it was said that "a plea under this section is equivalent to plea of *non est factum*." The plea aforesaid amounted to an allegation that the endorsement of Frederick, which was essential to the negotiability of the note, was a forgery. The record does not show that issue was ever taken on this plea, but even if it had been, in the absence of any evidence of the genuineness of the signature of Frederick, judgment should have been given for the defendant. Section 5585 of the Code (sec. 23, Neg. Instr. Act, Acts 1897-8, p. 896) declares: "Where a signature is forged or made without the authority of the person whose signature it purported to be, it is wholly inoperative, and no right to retain the instrument or to give a discharge therefor, or to enforce payment thereof against any party thereto can be acquired through or

under such signature unless the party against whom it is sought to enforce such right is precluded from setting up the forgery or want of authority.''

Upon the pleadings, in the absence of evidence to the contrary, the signature of Frederick was a forgery, and no title could be acquired by the plaintiff through such forgery.

[5, 6] The plaintiff, however, confidently relies upon the last clause of section 5621 of the Code, (sec. 59 of Neg. Instr. Act aforesaid), as affording him protection. That section is as follows: ''Every holder is deemed *prima facie* to be a holder in due course, but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder to prove that he or some person under whom he claims acquired the title as holder in due course. But the last mentioned rule does not apply in favor of a party who has become bound on the instrument prior to the acquisition of such defective title.''

The last sentence of this section has no application to the facts of the case at bar. The note was not in a state of negotiability. Without the endorsement of Frederick, the note was not in such condition as that it could have been put into circulation so as to come into the hands of a holder in due course without notice. *Voss v. Chamberlain*, 139 Iowa 569, 117 N. W. 269, 19 L. R. A. (N. S.) 106, 130 Am. St. Rep. 331.

The clause referred to relates to paper which is in a state of negotiability when it is negotiated to the holder, and the apparent purpose of the clause was to cut off defenses of fraud between intermediate claimants. If the paper was in a state of negotiability when acquired by the holder in due course, it was thought that a payment to such holder should protect the maker regardless of frauds between intermediate

claimants of the paper unknown to the holder. Prior to the negotiable instruments act it was held in a number of cases that if the holder of negotiable paper had to trace title through fraudulent practices or unclean hands the burden was thrown upon him to show that he was a holder in due course, else he could not recover. In *Parsons* v. *Utica Cement Co.*, 82 Conn. 333, 337, 73 Atl. 785, 787 (135 Am. St. Rep. 271), it is said: "Whether he acquired the paper by purchase or gift, would, under ordinary circumstances, be of itself unimportant. But after proof that it was once in the hands of a fraudulent holder, it may justly be presumed to continue in the hands of a holder of that character until the contrary be proved. *Collins* v. *Gilbert*, 94 U. S. 753, 761, 24 L. Ed. 170. The position of the holder of negotiable paper is of an exceptional character. He may acquire a title through a thief, and yet maintain it against the original owner. But his possession is not enough to support a recovery, after it once appears that he must trace title through fraudulent practices and unclean hands. *Totten* v. *Bucy*, 54 Md. 446, 452. This is equally true whether the fraudulent practices were connected with the original inception of the paper, or, as in the present instance, occurred subsequently to the prejudice of an intermediate holder. *Fulton Bank* v. *Phoenix Bank*, 1 Hall (N. Y.) 562; 2 Parsons on Notes and Bills, 283; 4 Am. & Eng. Ency. L. 322. The case of *Kinney* v. *Kruse*, 28 Wis. 183, asserts the contrary, but is opposed to the strong current of authority."

In *Kinney* v. *Kruse*, 28 Wis. 183, it was held that "the fact that one who held the possession of a note for the payee put it in circulation in fraud of his rights, is no defense in a suit by the holder against the maker, nor does it change the burden of proof, so as to require the plaintiff to show in the first instance that he is a

*bona fide* holder for value;" and that "the fraudulent putting in circulation of a negotiable instrument which operates to change the burden of proof and call upon the plaintiff to prove his title as a *bona fide* holder is where this is done fraudulently *as to the defendant or maker*, and not where it is done as to the payee or some intermediate holder or party to the paper." In that case the note was payable to a railroad company, or order, and was transferred before maturity by the president of the company, who was duly authorized to make the transfer to secure a debt of the company, and the plaintiff, holder of the note, held under a holder in due course. The fraud, if any, was in a transaction subsequent to the negotiation of the note by the payee. It is said that the last clause of section 59 (Code, section 5621) was intended to codify the holding in *Kinney* v. *Kruse, supra,* and the language seems to warrant that conclusion. Brannan's Neg. Instr. Law (2d ed.) 72. But that clause can have no relation to paper which is not in a state of negotiability when transferred, and requires the endorsement of the payee to put it in such state, nor where the endorsement of the payee is forged.

Without considering other assignments of error, the judgment of the circuit court must be reversed for the error hereinbefore pointed out, and this court will enter final judgment on the verdict of the jury in favor of the defendant, Hillman, the plaintiff in error, and for his costs in this court and in the trial court.

*Reversed.*