## Richmond

### Virginia National Bank v. Gustava H. Holt.

December 1, 1975.

Record No. 750310.

Present, I'Anson, C.J., Carrico, Cochran, Poff and Compton, JJ.

*Conrad M. Shumadine (Robert E. Farmer, III; Stuart D. Glasser; Kaufman, Oberndorfer & Spainhour*, on brief), for plaintiff in error.

No brief filed on behalf of defendant in error.

Compton, J., delivered the opinion of the court.

In this appeal, which results from a suit on a negotiable instrument, we deal with proof of a signature. Pertinent to our consideration are the following italicized portions of Code § 8.3-307, a part of the Uniform Commercial Code (UCC):

"§ 8.3-307. **Burden of establishing signatures, defenses and due course.**—(1) Unless specifically denied in the pleadings each signature on an instrument is admitted. *When the effectiveness of a signature is put in issue*
   (a) *the burden of establishing it is on the party claiming under the signature; but*
   (b) *the signature is presumed to be genuine or authorized* except

where the action is to enforce the obligation of a purported signer who has died or become incompetent before proof is required.

(2) *When signatures are* admitted or *established, production of the instrument entitles a holder to recover on it unless the defendant establishes a defense.*

(3) After it is shown that a defense exists a person claiming the rights of a holder in due course has the burden of establishing that he or some person under whom he claims is in all respects a holder in due course."

In May 1974, the plaintiff, Virginia National Bank, filed a motion for judgment against the defendants, Edgar M. Holt and Gustava H. Holt, his wife, jointly and severally, seeking recovery of the face amount of a "Homestead Waiving Promissory Note", plus interest and attorney's fees. The instrument, payable to the order of the Bank and allegedly made by the Holts to evidence an indebtedness, was dated December 12, 1973, was due 90 days after date, and was in the amount of $6,000.

Edgar M. Holt was duly served with process, but failed to appear or file pleadings in response. A default judgment in the amount sued for was entered against him in August 1974.

In her pleadings, Gustava H. Holt generally denied liability and specifically denied that the instrument was signed by her. On November 20, 1974, judgment was entered on a jury verdict in her favor and we granted the Bank a writ of error.

The dispositive issue is whether the evidence relating to the genuineness of Mrs. Holt's signature on the instrument presented a question of fact to be decided by the jury. We hold that it did not and reverse.

We will summarize only the evidence pertinent to the issue we decide. Testifying for the Bank was one of its commercial loan officers, who did not handle the Holt transaction but through whom the instrument in question was introduced into evidence, and two other witnesses, one of whom was an expert in handwriting analysis, whose statements supported the Bank's position that the signature on the note was in fact the defendant's.

Mrs. Holt did not appear at the trial, but her attorney endeavored to show that his client did not execute the instrument. During cross-examination, the loan officer, over the Bank's objection based on the hearsay rule, was required to answer whether he was present during the taking of Mrs. Holt's discovery deposition in July 1974 when she

"denied that she signed the note?" The record shows that the witness responded: "Yes, I was. Somewhat surprised."[1] No other statement was elicited by defendant's counsel from any of the Bank's witnesses which would support the defendant's claim that she did not sign the writing.

The only evidence offered in the defendant's behalf was a set of answers previously filed by the Bank to six interrogatories propounded by her attorney. Those responses indicated that the Bank did not know of any witness who saw the defendant sign the note or who heard her admit that she signed it. They further indicated that the Bank had no information that she ever authorized her husband to sign her name to any promissory note or that she ever ratified any act of his in signing her name to such a writing.

By a motion to strike at the conclusion of the evidence, and again by a motion to set aside after the verdict, the Bank moved for judgment in its favor contending, as it does on appeal, that the foregoing hearsay testimony on cross-examination was erroneously admitted and, in the alternative, that even if such evidence was properly received, the defendant had failed, as a matter of law, to overcome the presumption established by § 8.3-307 that her signature was genuine and authorized. The trial court, in refusing to sustain the motion to strike and in overruling the motion to set aside, ruled that the question of whether the signature was genuine was for the jury. This was error.

Section 8.3-307, *inter alia*, sets out the burden of proof in an action which seeks recovery upon an "instrument"[2] and deals with issues arising, in such a suit, from a challenge of the genuineness or authorization of signatures. 2 R. Anderson, *Uniform Commercial Code* § 3-307:3 (2d ed. 1971). Under that section, each signature on an instrument is admitted unless, as in this case, the "effectiveness" of the signature is put in issue by a specific denial. The burden of establishing[3] the genuineness of the signature is then upon the party claiming under the signature and relying on its "effectiveness", but such party is aided by a presumption that it is genuine or authorized. In this context, "presumption" means that "the trier of fact must find the existence of the fact presumed unless and until evidence is introduced

---

[1]This answer should probably read "Yes. I was somewhat surprised."
[2]*See* Code §§ 8.3-102(1)(e) and 8.3-104(1).
[3]" '*Burden of establishing*' a fact means the burden of persuading the triers of fact that the existence of the fact is more probable that its nonexistence." Code § 8.1-201(8).

which would support a finding of its nonexistence." Code § 8.1-201(31).

The effect of the presumption is to eliminate any requirement that the plaintiff prove the signature is authentic until some evidence is introduced which would support a finding that the signature is forged or unauthorized. § 8.3-307, Official Comment 1.[4] It is based upon the fact that in the normal course of events forged or unauthorized signatures are very uncommon, and that evidence of such is usually within the defendant's control or more accessible to him. *Id.* Therefore, under § 8.3-307, the party denying a signature must make some sufficient showing of the grounds for the denial before the plaintiff is put to his proof. The evidence need not be sufficient to require entry of summary judgment in the defendant's favor, "but it must be enough to support his denial by permitting a finding in his favor." *Id.* "Until the party·denying the signature introduces such sufficient evidence, the presumption requires a finding for the party relying on the effectiveness of the signature." § 8.3-307, Virginia Comment. *See* 2 F. Hart & W. Willier, *Commercial Paper Under the Uniform Commercial Code* § 2.07(2) (1975).

An application of the foregoing analysis of the statute to the facts of this case demonstrates that the Bank was entitled to entry of summary judgment in its favor at the conclusion of all the evidence, since no material issue of fact requiring resolution by a jury was presented. Rule 3:18.

The defendant's specific denial put the genuineness of the defendant's signature in issue. Because of the foregoing presumption, the signature, which appeared to be that of Gustava H. Holt, was presumed to be genuine and the defendant was thus required to present "sufficient evidence" in support of the denial of genuineness. This she failed to do. We will assume, but not decide, that the disputed answer during cross-examination was properly admitted in evidence. Nonetheless, we conclude that this bit of testimony is insufficient to sustain a finding that the signature was forged or unauthorized. Furthermore, the answers to interrogatories furnish no support to the defendant's claimed defense. A forgery or an unauthorized signature may not be shown by merely demonstrating the plaintiff's apparent lack of evidence on that issue.

---

[4]This changes the Virginia rule as it existed before adoption of the UCC. *See Hillman v. Cornett*, 137 Va. 200, 119 S.E. 74 (1923).

We hold, therefore, that the defendant has failed, as a matter of law, to make a sufficient showing to support a finding that she, or her authorized representative, did not in fact write her name on the instrument. The presumption then requires a finding that the signature on the instrument is genuine and effective. Accordingly, production of the instrument entitled the Bank to recover, because the defendant established no defense, § 8.3-307(2),[5] and it was error to submit the case to the jury.

For these reasons, the judgment in favor of Gustava H. Holt will be reversed and final judgment will be entered here in favor of the Bank.

*Reversed and final judgment.*

---

[5] The rule of § 8.3-307(2) comports with pre-UCC Virginia law. *See Humble Oil & Refining Co.* v. *Copley*, 213 Va. 449, 450, 192 S.E.2d 735, 736 (1972).