68178. WHITE v. McCARTY.

McMURRAY, Chief Judge.

This case involves the Fair Labor Standards Act as found in 29 USCA § 203, and the penalties thereunder, 29 USCA § 216, as amended; and 29 USCA § 260.

Royce Wayne White was an employee of Jerry E. McCarty, d/b/a Jerry E. McCarty Construction, and for a period of time including that period from October 3, 1980, through September 17, 1982, in which McCarty was subject to the provisions of the Fair Labor Standards Act. White contends he was underpaid in the amount of $1,909 by reason of the failure of McCarty to pay him in accordance with the provisions of the Fair Labor Standards Act for pay-and-a-half over and above a 40-hour week. Apparently, White ceased to work for the employer and the alleged violation of the Fair Labor Standards Act

was reported to the United States Department of Labor which conducted an investigation; and a determination was made that the employer owed White for the additional sum of overtime (½ pay — $1,909) and approved a repayment schedule. The employer contends that in lieu of a 40-hour week he gave certain of his employees, including White, the option of working a regular 40-hour week with no overtime or working overtime at his hourly base rate and to work a 48-hour week at a regular hourly rate. White elected to work the extra hours at the base salary rate and accepted the benefits of such arrangement in the form of extra weekly earnings. The employer contends that he also attempted to comply with the terms and provisions of the settlement approved by the United States Department of Labor, but White refused tender of payment of the funds which the Department of Labor determined to be due.

White, as plaintiff, set forth the above facts in a complaint against McCarty, seeking judgment against the defendant in the amount of $1,909 compensation for the unpaid back wages, $1,909 in liquidated damages (authorized by the Fair Labor Standards Act), plus attorney fees of $1,272.67.

The defendant answered denying the claim but admitted the investigation by the Department of Labor, the plaintiff's refusal to accept any sums thereunder, and filed a defense of estoppel by reason of the plaintiff having voluntarily entered into the agreement in violation of the Fair Labor Standards Act.

During the discovery in answer to interrogatories the defendant admitted the substance of the above facts but denied that he had been able to accurately determine the amount of overtime hours, if any; the compensation paid for overtime, if any; denied that he underpaid the plaintiff, denied the accuracy of the amount the United States Department of Labor had determined that defendant owed plaintiff ($1,909), but admitted an agreement to pay monthly installments of $106.05 commencing January 1, 1983, and concluding June 1, 1984; that tender had been made in accordance therewith which was not accepted by the plaintiff and that he had further offered a cashier's check in the lump sum of $1,399.30 representing the claimed $1,909, less $381.80 federal withholding and $129.90 FICA taxes.

The plaintiff moved for summary judgment contending that the Department of Labor had investigated and determined that he was underpaid the amount of $1,909; the defendant had entered into an agreement with the Department of Labor and admitted that he had violated the provisions of the statute in underpaying the plaintiff in the amount of $1,909, defendant had agreed to make this payment to the plaintiff who never consented to the terms of the agreement and settlement; and, he was entitled to judgment as a matter of law in the sum sought, that is, $1,909 compensation for unpaid back wages,

$1,909 in liquidated damages, plus attorney fees ($1,272.67).

Thereafter, the defendant amended his answer by adding a fifth defense that he at all times acted in good faith under reasonable belief that his actions were not in violation of the Fair Labor Standards Act and the plaintiff was not entitled to liquidated damages pursuant to 29 USCA § 260.

In opposition to the motion for summary judgment the defendant submitted his affidavit explaining the circumstances with reference to his agreement with the employees to pay a 48-hour week, that is, eight additional hours each week at the regular rate of $6 per hour which the plaintiff voluntarily and willingly elected to receive, increasing his gross wages $48 per week. He also admitted therein that he knew "technically I was supposed to pay time and one-half for overtime. However, I honestly believed that having given my employees, including Plaintiff, the option of working a regular forty (40) hour week or working the extra eight hours at their regular rate of pay, and they having voluntarily agreed to the arrangement without pressure or coercion from me, that such an arrangement was not in violation of the law," that had he known otherwise he would not have paid the overtime but would have cut everyone back to a 40-hour week. He also admitted therein the investigation conducted by the United States Department of Labor and that he had accepted same and agreed to comply with the repayment schedule which he attached to his affidavit. He also set forth in his affidavit that during the period of time involved he worked in a certain area for 13 weeks, that is, four days per week and provided for employees food and lodging, expending the sum of $70 per week for the 13 weeks, or a total of $910 per week for the plaintiff's food and lodging over and above his regular wages but that this had not been pointed out to the United States Department of Labor which did not take this into consideration in arriving at the figure of $1,909.

After a hearing with reference to the motion for summary judgment the trial court entered findings of fact with reference to residence, relevant period of time (October 3, 1980, through September 17, 1982) in which the plaintiff was employed by defendant at a wage of $6 per hour, the parties worked 48 hours per week and the defendant gave the employee the option of working a regular 40-hour per week with no overtime or working a 48-hour week and being compensated for the eight hours at the regular base rate of $6 per hour instead of time-and-one-half or $9 per hour, and the plaintiff voluntarily and willingly elected to work this schedule. Further the defendant "knew that he was technically supposed to pay time and-one-half for overtime, but believed that the arrangement he and his employees had entered was not in violation of the law since all parties agreed to it and received the benefits from it"; the Department of Labor had

conducted an investigation and determined that the defendant owed plaintiff $1,909 for unpaid overtime wages but had not considered the 13 weeks in which the defendant had contributed meals and lodging, expending the total of $910; and, there had been no evidence as to the value or reasonableness of attorney fees. The trial court concluded as a matter of law that under 29 USCA § 207 defendant was required to compensate plaintiff at the rate of 1-½ times his regular wages for hours worked in excess of 40 hours per week. However, under 29 USCA § 203 (m) defining wages as including the reasonable cost of furnishing board, lodging and other facilities defendant actually underpaid plaintiff in the amount of $1,909 but was entitled to credit for $910 he expended for plaintiff's food and lodging during a 13-week period leaving a balance owing by defendant to plaintiff of $999. The court further concluded under 29 USCA § 216 (b) that this statute authorized recovery of liquidated damages in the amount equal to the amount of actual damages but since 29 USCA § 260 provides that if the employer shows to the satisfaction of the court that the act or omission giving rise to such omission was in good faith and that he had a reasonable ground for believing that his act or omission was not in violation of the Fair Labor Standards Act of 1938, as amended, "the court may, in its sound discretion, award no liquidated damages or award any amount thereof not to exceed the amount specified . . .," but if a violation of the Fair Labor Standards Act is found the defendant must pay reasonable attorney fees and cost of the action under 29 USCA § 216 (b). Thereupon, the court specifically concluded that there were no legitimate disputes as to any material facts with exception of the attorney fees, and the court was authorized under such circumstances to grant relief for the non-moving party, citing *Massey v. Consolidated Equities Corp.*, 120 Ga. App. 165, 168 (1) (169 SE2d 672); *Golston v. Garigan*, 245 Ga. 450, 451 (265 SE2d 590); and *Cruce v. Randall*, 245 Ga. 669, 670 (266 SE2d 486). The trial court granted the plaintiff $999 actual damages pursuant to 29 USCA § 216 (b), but denied the plaintiff the right to recover liquidated damages and deferred determination of plaintiff's reasonable attorney fees until an evidentiary hearing could be held on the issues of value and reasonableness.

Plaintiff appeals the grant of partial summary judgment in his favor enumerating error to the court considering the defendant's claim of payment as a deduction from the amount of actual damages owed in that the defendant did not make an affirmative defense of payment as required by OCGA § 9-11-8 (c), and in finding that the defendant acted in good faith and was, therefore, not liable to the plaintiff for liquidated damages. *Held*:

1. The first enumeration of error is that the trial court erred in considering the claim of payment (meals and lodging, authorized

credit by 29 USCA § 203 (m)) as a deduction from the amount of actual damages owed to the plaintiff in that the defendant did not make an affirmative defense of payment as provided by OCGA § 9-11-8 (c). It is true that the Civil Practice Act requires that a party answering a preceding pleading shall set forth affirmatively his claim of payment, among other things. However, this plea of partial payment was raised in the response to the motion for summary judgment and there was no waiver. See *Phillips v. State Farm Mut. Auto. Ins. Co.,* 121 Ga. App. 342 (2a), 346 (173 SE2d 723); *Roberts v. Farmer,* 127 Ga. App. 237, 241 (5) (193 SE2d 216). Here the defendant by his answer denied the substance of the complaint in the various averments and this plea of partial payment could have been added by amendment as a part of the answer. Nevertheless, it was raised in response to the motion for summary judgment giving the plaintiff opportunity to answer same which he failed to do, authorizing the court to render judgment on the uncontroverted evidence with reference to plaintiff's claim. We find no merit in this complaint.

2. The remaining enumeration of error is that the trial court erred in finding that the defendant had acted in good faith and therefore was not liable to the plaintiff for liquidated damages. By amendment to the answer defendant added a fifth defense with reference to his good faith under the reasonable belief that his actions were not in violation of the Fair Labor Standards Act, admitting, however, in his affidavit in response to the motion for summary judgment that he knew technically that he "was supposed to pay time and one-half for overtime," but that he honestly believed that the arrangement he made with his employees was legal, they having voluntarily agreed to the arrangement without pressure or coercion from him. In the conclusions of law the trial court set forth that 29 USCA § 260 provides (with reference to the liquidated damages in an amount equal to the amount of actual damages) that "if the employer shows to the satisfaction of the court that the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation of the Fair Labor Standards Act . . . the court may, in its sound discretion, award no liquidated damages." See 29 USCA § 260. Further, the award of liquidated damages is, therefore, a matter for the court and not the jury. See McClanahan v. Mathews, 440 F2d 320, 322 (6th Cir. 1971) and the court concluded from the evidence (although conflicting) that the defendant had acted in good faith and upon a reasonable belief that his actions were not in violation of the law and declined to award any liquidated damages. Accordingly, under the evidence presented a partial summary judgment was demanded for the sum of $999 as actual damages. The trial court in its exercise of discretion allowed no recovery for liquidated damages. The issue of reasonable attorney fees re-

mains for jury determination as to the issues of value and reasonableness. This enumeration of error is not meritorious.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JUNE 21, 1984 —
REHEARING DENIED JULY 16, 1984 — 

*David R. Hege*, for appellant.
*Lawrence W. Roberts*, for appellee.