A02A2347. SHERIDAN v. DATANATIONAL, INC.
(572 SE2d 718)

MILLER, Judge.

DataNational, Inc. sued Frank Sheridan to recover money allegedly due on a yellow pages advertising contract. Sheridan answered, denying the debt but failing to enumerate payment as an affirmative defense. DataNational submitted an affidavit showing $11,469.44 as owing on the contract and moved for summary judgment. Despite Sheridan's opposing affidavit that he had paid the contract price in full, the court granted the motion. Since there is a dispute as to the amount paid on the contract, we reverse.

"To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. OCGA § 9-11-56 (c)." *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). Here DataNational submitted an affidavit showing that money was owing on the contract, and Sheridan testified in response that he had paid the contract price in full. As this was a disputed issue of fact, summary judgment was improper.

DataNational argues, however, that Sheridan failed to raise payment as an affirmative defense in his answer and was therefore precluded from introducing his affidavit that he had paid the contract in full. This argument fails for at least two reasons. First, DataNational did not object to the affidavit below, even though the court waited over a month after the affidavit was filed to rule on the motion for summary judgment. "[F]ailure to plead an affirmative defense is

---

[6] Compare *In the Interest of D. F.*, 251 Ga. App. 859, 862 (555 SE2d 225) (2001).

immaterial if evidence of the defense is introduced and not objected to for failure to plead it, and no surprise is claimed." (Citations and punctuation omitted.) *Phillips v. State Farm &c. Ins. Co.*, 121 Ga. App. 342, 346 (2) (a) (173 SE2d 723) (1970); see *Albany Oil Mill v. Sumter Elec. Membership Corp.*, 212 Ga. App. 242, 243 (1) (441 SE2d 524) (1994). Moreover, DataNational's failure to object and to obtain a ruling below waives the matter on appeal. *Phillips*, supra, 121 Ga. App. at 347 (2) (b); see *Williams-East, Inc. v. Weeks*, 156 Ga. App. 861, 862 (1) (275 SE2d 801) (1981).

Second, even if the issue were preserved for appellate review, Sheridan's raising payment as a defense in his response to the motion for summary judgment properly brought the matter before the trial court. *White v. McCarty*, 171 Ga. App. 666, 670 (1) (320 SE2d 796) (1984).

*Judgment reversed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED OCTOBER 15, 2002.

*Eric A. Ballinger*, for appellant.

*Stokes, Lazarus & Carmichael, Marion B. Stokes, Mabry & McClelland, Brian M. Dossena*, for appellee.