A09A1698. PEACH BLOSSOM DEVELOPMENT CO., INC. et al. v. LOWE ELECTRIC SUPPLY COMPANY.
(684 SE2d 398)

BLACKBURN, Presiding Judge.

Lowe Electric Supply Company ("Lowe") initiated this litigation against Peach Blossom Development Co., Inc. ("Peach Blossom")

and Tom A. Brightman, seeking to recover on an open account belonging to Peach Blossom and personally guaranteed by Brightman. Peach Blossom and Brightman now appeal from the trial court's order granting summary judgment in favor of Lowe, arguing that the evidence demonstrates a genuine issue of material fact. We agree and reverse.

To defeat a motion for summary judgment "[t]he respondent does not have to present conclusive proof to rebut [the] movant's evidence; if the respondent produces or points to any specific evidence, even slight, in the record giving rise to a triable issue of material fact, then summary judgment must be denied. . . ." *Five Star Steel Constr. v. Klockner Namasco Corp.*[1] Thus,

> [o]n appeal from a grant of summary judgment, we conduct a de novo review of the evidence to determine if there exists a genuine issue of material fact and whether the undisputed facts, viewed in the light most favorable to the nonmoving party, entitle the movant to judgment as a matter of law.

(Punctuation omitted.) *Bone v. The Children's Place, Inc.*[2]

So viewed, the record shows that Peach Blossom is a residential and commercial construction company and that Brightman serves as its president. In March 2008, Peach Blossom submitted a credit application to Lowe. As part of that application, Brightman executed a personal guaranty. Peach Blossom thereafter made a number of purchases from Lowe, which were charged to its account. Lowe's complaint sought to recover approximately $17,500 in principal allegedly due on the Peach Blossom account, as well as interest on that amount, costs, and attorney fees. Attached to the complaint were copies of two Peach Blossom account statements, which together listed approximately fifty-four invoices billed to Peach Blossom between July 18, 2008 and October 31, 2008.

After Peach Blossom and Brightman filed a joint answer denying the amount of the indebtedness, Lowe simultaneously filed an amended complaint and a motion for summary judgment. The amended complaint added a corporate verification, and Lowe's motion for summary judgment was premised on the argument that the general denials contained in the answer were insufficient to rebut the account documents attached to the now verified complaint. To further support its motion, Lowe submitted the affidavit of its credit manager, in which she averred that (i) Peach Blossom "ha[d]

---

[1] *Five Star Steel Constr. v. Klockner Namasco Corp.*, 240 Ga. App. 736, 738 (1) (a) (524 SE2d 783) (1999).

[2] *Bone v. The Children's Place, Inc.*, 297 Ga. App. 367 (677 SE2d 404) (2009).

purchased and received materials on its account with Lowe . . . and ha[d] refused to pay the balance due''; and (ii) the amounts due on Peach Blossom's account were reflected in the account statements attached to her affidavit.[3]

In response to Lowe's summary judgment motion, appellants submitted Brightman's affidavit to support their denial as to the amount of the indebtedness. Specifically, Brightman averred: (i) that Peach Blossom had contracted with Lowe to provide electrical equipment at specific, negotiated prices for certain real estate developments being constructed by Peach Blossom; (ii) that the parties agreed that Peach Blossom would receive a specific discount for certain other types of electrical equipment, including wiring, wiring boxes, and conduit; and (iii) that in the invoices reflected on the account statements, Lowe had charged Peach Blossom prices that were significantly higher than those agreed to.

Despite Brightman's affidavit, the trial court found that there existed no material issue of fact, granted Lowe's motion for summary judgment, and awarded it the entire amount requested in its complaint, as well as interest on that amount, attorney fees, and court costs. This appeal followed.

In granting Lowe summary judgment, the trial court relied exclusively on this Court's decision in *Traditional Properties v. Performance Food Group of Ga.*[4] There, ''[n]oting that the defendants submitted no evidence to support their defenses or counterclaim, the trial court granted summary judgment to'' a plaintiff seeking to recover on an open account. 291 Ga. App. at 443. This Court affirmed, reasoning:

> [Plaintiff] established a prima facie case through the affidavit of its credit manager, who authenticated the attached account statement, testified that the goods had been delivered, and confirmed the indebtedness. In reply, the defendants offered absolutely no evidence. Although they raised certain claims about a ''new agreement'' in their answer and discovery responses, these pleadings were not verified and thus do not constitute evidence.

Id.

Such reasoning is inapplicable to the case at hand, however, because the appellants did present evidence, in the form of Bright-

---

[3] Those account statements were identical to the account statements attached to the original complaint.

[4] *Traditional Properties v. Performance Food Group of Ga.*, 291 Ga. App. 442 (662 SE2d 250) (2008).

man's affidavit, to support their defense that Lowe was not due the amount claimed. See *Rolland v. Martin*[5] (a sworn pleading, setting forth the factual and legal bases for a party's claim or defense, constitutes evidence); *Foskey v. Smith*[6] (in an action on an open account, the defendant's sworn, factual allegations constitute evidence sufficient to defeat a motion for summary judgment). Moreover, "[g]iven that this testimony was unrefuted, and that [Brightman] was not the movant on the motion for summary judgment, it [had to] be taken as true for purposes of deciding that motion." *Kerwood v. Dinero Solutions*.[7] See also *First Nat. Bank of Gainesville v. Loggins*[8] (on a motion for summary judgment, "[t]he opposing party should be given the benefit of all reasonable doubt, and the court should construe the evidence and all inferences and conclusions arising therefrom most favorably toward the party opposing the motion") (punctuation omitted).

Moreover, despite Lowe's assertion to the contrary, the trial court was not entitled to disregard Brightman's affidavit simply because he alleged specific facts not set forth in the answer.[9] See *Bone*, supra, 297 Ga. App. at 370 ("only after the moving party makes a showing of entitlement to a judgment as a matter of law does the burden shift to the respondent to come forward with rebuttal evidence") (punctuation omitted); *Smith v. Atlantic Mut. Cos.*[10] ("[i]t is incumbent upon a plaintiff to prove its case and, until it does, a defendant is under no obligation to disprove it").

Nor was the trial court entitled to discount Brightman's affidavit because it was self-serving. Such an argument asks this Court to weigh Brightman's credibility, "[b]ut on summary judgment, neither we nor the lower court may consider the credibility of witnesses, which is a matter for the jury to resolve." *Green v. Eastland Homes*.[11] See also *Bearden v. Bearden*[12] (on a motion for summary judgment "affidavit testimony must speak for itself [and] it is inappropriate for this Court to weigh evidence or determine its credibility").

In light of the evidence showing a dispute as to the amount owed on the Peach Blossom account, the trial court erred in granting summary judgment in favor of Lowe. *Five Star Steel Constr.*, supra,

---

[5] *Rolland v. Martin*, 281 Ga. 190, 192 (637 SE2d 23) (2006).

[6] *Foskey v. Smith*, 159 Ga. App. 163, 164 (283 SE2d 33) (1981).

[7] *Kerwood v. Dinero Solutions*, 292 Ga. App. 742, 745 (666 SE2d 40) (2008).

[8] *First Nat. Bank of Gainesville v. Loggins*, 207 Ga. App. 814, 816 (429 SE2d 278) (1993).

[9] As the above-cited cases demonstrate, this argument is particularly spurious given that Lowe failed to file a verified complaint before it filed its motion for summary judgment.

[10] *Smith v. Atlantic Mut. Cos.*, 283 Ga. App. 349, 351 (1) (641 SE2d 586) (2007).

[11] *Green v. Eastland Homes*, 284 Ga. App. 643, 647 (1) (644 SE2d 479) (2007).

[12] *Bearden v. Bearden*, 231 Ga. App. 182, 184 (499 SE2d 359) (1998).

240 Ga. App. at 739 (1) (c). See also *Mountain Bound v. Alliant Foodservice*[13] (in an action on an open account, "[w]hen there are conflicting affidavits as to material facts, summary judgment is properly denied"). We therefore reverse the trial court's order.

*Judgment reversed. Adams and Doyle, JJ., concur.*

DECIDED SEPTEMBER 29, 2009.

*Varner & Adams, G. E. Bo Adams*, for appellants.
*Larry A. Williams*, for appellee.

---

[13] *Mountain Bound v. Alliant Foodservice*, 242 Ga. App. 557, 559 (3) (530 SE2d 272) (2000).