## A10A0482. SPRINT TRANSPORT GROUP, INC. v. CHINA SHIPPING NA AGENCY, INC.

(691 SE2d 265)

JOHNSON, Presiding Judge.

On June 26, 2006, China Shipping NA Agency, Inc. sued Sprint Transport Group, Inc. for the principal sum of $17,444, plus interest. On December 20, 2007, China Shipping amended its complaint, seeking the principal sum of $196,903, plus interest. China Shipping then filed a motion for summary judgment, which the trial court granted. Sprint Transport Group appeals. Because we find the record contains material issues of fact that preclude summary judgment, we reverse.

On appeal of a grant of summary judgment, this Court must review the evidence de novo to determine whether the trial court erred in concluding that no genuine issue of material fact remains and that the party was entitled to judgment as a matter of law.[1] To defeat a motion for summary judgment,

> the respondent does not have to present conclusive proof to rebut the movant's evidence; if the respondent produces or points to any specific evidence, even slight, in the record giving rise to a triable issue of material fact, then summary judgment must be denied.[2]

Here, the record contains detailed invoices showing amounts due by Sprint Transport Group, Inc., but it also contains a number of invoices sent to Sprint Container Service, Sprint Transportation, Inc., and Sprint Transportation Group, Inc., and there is no evidence in the record whether these companies are affiliated with Sprint Transport Group or whether Sprint Transport Group is responsible for these invoices. In addition, the president of Sprint Transport Group filed an affidavit stating he was aware of the bills and invoices of Sprint Transport Group, he reviewed the invoices attached to China Shipping's motion for summary judgment, and that, based on his personal knowledge, "many of these invoices are for another legal entity . . . [and] most if not all of these alleged invoices were never received by Sprint Transport Group, Inc. and are not owed by Sprint Transport Group, Inc. as no goods or services were received." Thus, Sprint Transport Group has raised specific evidence giving rise to a triable issue of material fact.

---

[1] See *Rubin v. Cello Corp.*, 235 Ga. App. 250 (510 SE2d 541) (1998).

[2] (Citation and punctuation omitted.) *Peach Blossom Dev. Co. v. Lowe Elec. Supply Co.*, 300 Ga. App. 268, 269 (684 SE2d 398) (2009).

A party is entitled to summary judgment only if he can demonstrate that there is no dispute as to any material fact and that the party is entitled to judgment as a matter of law.[3] In deciding whether there is a genuine issue of material fact, the trial court must view all evidence and inferences to be drawn from the evidence in the light most favorable to the nonmoving party, and all reasonable doubts must be resolved in the nonmoving party's favor.[4] Here, the invoices and the affidavit from Sprint Transport Group, Inc.'s president create material issues of fact regarding whether the amounts shown on the invoices were owed by Sprint Transport Group, Inc. Accordingly, we reverse the trial court's order granting summary judgment to China Shipping.

*Judgment reversed. Miller, C. J., and Phipps, J., concur.*

DECIDED FEBRUARY 15, 2010.

*Jonathan P. Waters*, for appellant.
*Reynolds & Robin, Sherwin P. Robin*, for appellee.

---

[3] OCGA § 9-11-56 (c).
[4] See *Peach Blossom Dev.*, supra at 271.