A10A1953. COMPANION PROPERTY & CASUALTY GROUP
v. TUTT CONTRACTING, INC.
(700 SE2d 708)

BLACKBURN, Senior Appellate Judge.

In this breach of contract action to recover a portion of a workers' compensation insurance premium, plaintiff Companion Property & Casualty Group (the "insurance company") appeals the grant of summary judgment to defendant Tutt Contracting, Inc. (the

"employer") and the denial of summary judgment to itself. Even though the employer paid sufficient funds to cover the entire premium of the policy at issue, the insurance company argues that the undisputed evidence showed that the payment was actually for a *second* policy between the parties. We rule that the evidence was conflicting and created an issue of fact as to which policy the payment was to be credited, and we therefore reverse that portion of the judgment granting summary judgment to the employer. The denial of summary judgment to the insurance company is affirmed.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A de novo standard of review applies to an appeal from a grant or denial of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*[1]

So viewed, the evidence shows that after receiving the employer's initial $3,887 premium payment, the insurance company issued a workers' compensation policy to the employer for the year from November 23, 2006 to November 23, 2007. The policy provided that the final amount of the premium would be determined after the policy's term had expired, which amount would be calculated based on an audit of the employer's records from that year. The policy was identified by a unique number, consisting of a customer number assigned to the employer by the insurance company followed by the numbers "00." These latter numbers represented that this was the first year the insurance company had insured this employer.

As this first policy expired, the employer paid $4,480 as an initial premium to the insurance company to issue a second policy for the year running from November 23, 2007 to November 23, 2008. This second policy also had a unique number, consisting of the same customer number followed by the numbers "01," representing the second year the insurance company was insuring this employer.

An audit was soon completed on the first policy, which led the insurance company in January 2008 to demand approximately $130,000 from the employer in additional premiums for the first policy and to raise its estimate for the second policy's premium by $141,650. In February 2008, the employer sent a check to the insurance company for $12,393. In describing the purpose for this payment, the cover letter and the check both referenced the identification number of the second policy. The insurance company credited the payment towards the second policy.

---

[1] *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459, 459 (1) (486 SE2d 684) (1997).

On June 1, 2008, the employer cancelled the second policy months before its expiration in November. The parties have submitted conflicting evidence as to whether an audit was ever requested on this second policy. With the involvement of the state insurance commissioner, the insurance company later in June 2008 reduced its $130,000 demand on the first policy to $12,140. Claiming this amount was never paid, the insurance company brought the present suit against the employer for the $12,140 on the first policy only; the insurance company did not pursue any claim for monies or for an audit on the second policy.

The insurance company moved for summary judgment, arguing that the undisputed evidence showed that the $12,140 was never paid and that the February 2008 check for $12,393 was for the second policy. In response, the employer filed a cross-motion for summary judgment, arguing that the undisputed evidence showed that the February check was intended to cover any premiums due on the *first* policy and that therefore nothing was due on that policy. The trial court agreed with the employer, entering summary judgment against the insurance company on its claim for $12,140 on the first policy (and concomitantly denying the insurance company's summary judgment motion on the same claim). The insurance company appeals, claiming that the trial court should have granted summary judgment to the insurance company, or at least should have concluded that disputed facts precluded summary judgment for the employer.

1. As an initial matter, the insurance company argues that the trial court erred in considering the employer's affidavit and other evidence that the $12,140 had already been paid, in that the employer had failed to raise the affirmative defense of payment in its answer. See OCGA § 9-11-8 (c). This argument fails for at least two reasons.

First, as in *Sheridan v. DataNational, Inc.*,[2] the insurance company "did not object to the affidavit below, even though the court waited over a month after the affidavit was filed to rule on the motion for summary judgment." Based on the lack of an objection, *Sheridan* held that the argument was waived, reasoning: "Failure to plead an affirmative defense is immaterial if evidence of the defense is introduced and not objected to for failure to plead it, and no surprise is claimed." (Punctuation omitted.) Id. at 28-29. There was certainly no surprise here, as the insurance company at the hearing on the motions for summary judgment indicated that it understood the employer was asserting payment as an affirmative defense.

---

[2] *Sheridan v. DataNational, Inc.*, 258 Ga. App. 28, 28 (572 SE2d 718) (2002).

"Second, even if the issue were preserved for appellate review, [the employer's] raising payment as a defense in [its] response to the motion for summary judgment properly brought the matter before the trial court." *Sheridan*, supra, 258 Ga. App. at 29.

2. Therefore, the key issue in this case is whether the undisputed evidence showed that either party was entitled to summary judgment. We apply the well-established principle that

> [t]o defeat a motion for summary judgment, the respondent does not have to present conclusive proof to rebut the movant's evidence; if the respondent produces or points to any specific evidence, even slight, in the record giving rise to a triable issue of material fact, then summary judgment must be denied.

(Punctuation omitted.) *Sprint Transport Group v. China Shipping NA Agency*.[3] See *Five State Steel Constr. v. Klockner Namasco Corp.*[4]

Here, there was substantial evidence giving rise to a triable issue of fact as to whether the $12,393 check sent in February 2008 was to be credited to the first or second policy. The evidence that the check was for payment on the second policy was that (i) the cover letter twice referenced the identification number for the second policy as the purpose for the payment and even referenced the year for the second policy (November 23, 2007 to November 23, 2008); (ii) the face of the check indicated that it was for the identification number of the second policy; (iii) the internal accounting documents of the insurance company showed that it immediately credited the amount to the second policy; (iv) the check arrived shortly after the insurance company had adjusted the anticipated premium amount for the second policy by over $140,000 (this followed the same pattern of a year earlier when the employer sent the insurance company a check for $88 shortly after the insurance company had adjusted upwards the anticipated premium amount for the first policy); and (v) an affidavit from the collections manager of the insurance company stated that $12,140 remained due on the first policy and that the February check was for the second policy.

The evidence that the February check was for payment on the first policy was that (i) the cover letter and the check both referenced that the check was for payment on an audit, and the only audit that had been conducted as of February 2008 was on the first policy;

---

[3] *Sprint Transport Group v. China Shipping NA Agency*, 302 Ga. App. 369, 369 (691 SE2d 265) (2010).

[4] *Five Star Steel Constr. v. Klockner Namasco Corp.*, 240 Ga. App. 736, 738 (1) (a) (524 SE2d 783) (1999).

(ii) the employer submitted an affidavit from its president (who had signed the check and the cover letter) that the check was triggered by the audit on the first policy, that the check was to be credited on the first policy, and that the $12,393 amount represented his rough calculation as to how much was in truth due on that policy; (iii) the check was sent shortly after the audit for the first policy was completed; (iv) the cover letter also referenced the policy term of the first policy (from November 23, 2006 to November 23, 2007); and (v) the employer's interrogatory responses stated that the check was for the first policy and that nothing remained due on the first policy.

Because of the conflicting evidence on this key issue, the trial court erred in granting summary judgment to the employer. It did not err in denying summary judgment to the insurance company.

*Judgment affirmed in part and reversed in part. Barnes, P. J., and Senior Appellate Judge William LeRoy McMurray, Jr., concur.*

DECIDED AUGUST 27, 2010 —
RECONSIDERATION DENIED SEPTEMBER 10, 2010.

*Hays & Potter, Alexander Yusupov*, for appellant.
*John M. Brown*, for appellee.