## A11A1576. LEE v. SUNTRUST BANK.
### (722 SE2d 884)

MILLER, Judge.

Bernice Lee appeals from the grant of summary judgment to SunTrust Bank regarding Lee's apparent default on an equity line of credit. Lee contends that the trial court erred by: (1) finding that her sworn denials of her signature on the note were not sufficient to create a genuine issue of material fact; and (2) holding that she had the burden to overcome the presumption that the signature on the underlying promissory note was valid.[1] We agree.

When reviewing a grant of a motion for summary judgment, we conduct a de novo review of the law and evidence, viewing the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the party opposing the motion. *Gibson v. Symbion, Inc.*, 277 Ga. App. 721 (627 SE2d 84) (2006). Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c).

> To defeat a motion for summary judgment, the respondent does not have to present conclusive proof to rebut the movant's evidence; if the respondent produces or points to any specific evidence, even slight, in the record giving rise to a triable issue of material fact, then summary judgment must be denied.

(Citation, punctuation and footnote omitted.) *Peach Blossom Dev. Co. v. Lowe Elec. Supply Co.*, 300 Ga. App. 268, 269 (684 SE2d 398) (2009).

So viewed, the record evidence shows that a $50,000 loan from SunTrust Bank, in the form of an equity line of credit, was executed in the names of Bernice Lee and her husband. Upon Lee's failure to make repayment on the loan, SunTrust Bank filed the underlying suit against Lee and her husband.[2] Lee answered, denying that she ever obtained a loan from SunTrust Bank, defaulted on the loan, or signed the note.

SunTrust Bank moved for summary judgment, arguing that the evidence established a prima facie case that it was entitled to enforce

---

[1] SunTrust Bank argues that Lee's appellate brief fails to comply with our Court's procedural rules, and that we should affirm based on these deficiencies. Nevertheless, "[w]here[, as here,] the record is small and the issues are clearly framed and argued in an appellant's brief, we often elect in our discretion to address the merits of the appellant's enumerations," (citation and punctuation omitted) *Collins v. Newman*, 237 Ga. App. 861 (1) (517 SE2d 100) (1999), as we have done in this case.

[2] SunTrust Bank, however, was unable to serve Lee's husband with the lawsuit.

the note against Lee. In support, SunTrust Bank relied on the note, and an affidavit from its consumer finance officer, who attested to the parties' contract, Lee's default, and SunTrust Bank's resulting damages. The consumer finance officer did not state in her affidavit, however, that she witnessed Lee sign the note. In her response to SunTrust Bank's motion for summary judgment, Lee submitted an affidavit stating that she was not present when the note was executed, that she did not receive any proceeds from the loan, and that she did not sign any loan documents, or authorize anyone to sign on her behalf. Following a hearing, the trial court granted SunTrust Bank's summary judgment motion, finding that Lee had the burden of presenting sufficient grounds to support the denial of the signature, and that her affidavit was inadequate in this respect. Consequently, the court found that SunTrust Bank was entitled to recover on the loan.

OCGA § 11-3-308 (a) provides:

> In an action with respect to an instrument, the authenticity of and authority to make each signature on the instrument is admitted unless specifically denied in the pleadings. If the validity of a signature is denied in the pleadings, the burden of establishing the validity is on the person claiming validity, but the signature is presumed to be authentic and authorized unless the action is to enforce liability of the purported signer and the signer is dead or incompetent at the time of trial of the issue of validity of the signature. . . .

If the validity of the signatures is admitted or proved, a plaintiff producing the instrument is entitled to enforce the instrument against the defendant, unless the defendant establishes a defense. See OCGA § 11-3-308 (b); *Newton v. Sibley*, 273 Ga. App. 343 (615 SE2d 185) (2005). Here, Lee specifically denied in her answer the validity of the signature, which raised the defense of non est factum, created a factual question as to the authenticity of the signature, and kept the signature from being deemed admitted under OCGA § 11-3-308. OCGA § 11-3-308 (a); *Southtrust Bank of Ga. v. Parker*, 226 Ga. App. 292, 294 (1) (486 SE2d 402) (1997) (citing former version of OCGA § 11-3-308).

> The purpose of the requirement of a specific denial in the pleadings is to give the plaintiff notice of the defendant's claim of forgery or lack of authority as to the particular signature, and to afford the plaintiff an opportunity to investigate and obtain evidence.

Uniform Commercial Code § 3-308, cmt. 1. A party challenging the validity of the signature may rebut the presumption that it is valid by "produc(ing) other evidence separate from the sworn denial of execution of the signature in defense of the forgery, and there exist irregularities on the face of the negotiable instrument that would place a reasonable person on notice under a reasonable commercial standard." (Citation and punctuation omitted.) *Southtrust*, supra, 226 Ga. at 294 (1). While the challenging party cannot rely solely upon sworn denials in her affidavit as conclusive proof of a forgery or unauthorized signature, the submission of such does create a factual dispute that must be decided at trial, with the plaintiff being entitled to a presumption that the signature is valid. See, e.g., *Capital Color Printing, Inc. v. Ahern*, 291 Ga. App. 101, 107-108 (2) (661 SE2d 578) (2008) (holding that the trial court erred by granting summary judgment to the defendant based on his affidavit stating that the signature on a credit application was a forgery, because it was for the jury to decide whether a third party signed the defendant's name and, if so, whether the third party had the authority to do so); *Southtrust*, supra, 226 Ga. App. at 294-295 (1) (holding that the court erred by granting defendant's motion for summary judgment because her affidavit, denying the validity of the signature, created issues of material fact); *Gate City Furniture Co. v. Rumsey*, 115 Ga. App. 753 (1) (156 SE2d 221) (1967) (holding that, even if the defendant specifically denies his authority in any of the pleadings, the plaintiff would still be entitled to go to trial with the presumption that the signature was authorized).

Here, Lee, as the nonmoving party to a summary judgment motion, was not required to present conclusive proof that the signature was invalid. See *Peach Blossom*, supra, 300 Ga. App. at 269. Rather, she had to only produce or point to any evidence that gave rise to a triable issue of material fact, which she did by submitting an affidavit attesting that the she did not sign the note. See id. at 271 (providing that an affidavit constitutes evidence sufficient to defeat a motion for summary judgment). Given that Lee's sworn statements were unrefuted, and that she was not the movant on the motion for summary judgment, her affidavit had to be taken as true for purposes of deciding the motion. See id. Although SunTrust Bank would be entitled to a presumption that the signature was valid at trial, it was not entitled to summary judgment; rather, Lee's affidavit created a disputed issue of material fact sufficient to defeat SunTrust Bank's motion for summary judgment. Cf. *Montgomery v. Barrow*, 286 Ga. 896, 897-899 (1) (692 SE2d 351) (2010) (holding that, although the purchaser was entitled to a presumption of good faith attached to a purchase for value, the court erred in awarding purchaser summary judgment because there was

some evidence in the record that created disputed issue as to that material fact). The trial court was not entitled to discount Lee's affidavit, as it is inappropriate for a trial court to weigh evidence or determine its credibility when considering a motion for summary judgment. *Peach Blossom*, supra, 300 Ga. App. at 271; see also *Montgomery*, supra, 286 Ga. at 898 (1) ("[It] is the role of a jury to sort through the evidence, resolve conflicts, and make findings of fact based on the evidence it finds credible.").

The trial court, however, granted summary judgment in favor of SunTrust Bank based upon its reliance on *Virginia National Bank v. Holt*, 216 Va. 500 (219 SE2d 881) (1975). In *Virginia National Bank*, the jury returned a verdict in favor of defendant, who denied the validity of the signature on a negotiable instrument, but the Virginia Supreme Court reversed the judgment because the defendant did not present sufficient evidence to overcome the presumption of validity. Id. at 501, 503. Beyond the defendant's denial in her answer, the only other evidence consisted of hearsay testimony on cross-examination of a loan officer and the plaintiff's answers to the defendant's interrogatories. Id. at 501-502. The court in *Virginia National Bank* concluded that the defendant could not overcome the presumption since an unauthorized signature may not be shown merely by demonstrating the plaintiff's apparent lack of evidence on that issue. Id. at 503. Lee, unlike the defendant in *Virginia National Bank*, presented an affidavit that was sufficient to place the authenticity of the signature at issue for trial. See *Capital Color*, supra, 291 Ga. App. at 107-108 (2); *United States v. Varner*, 13 F3d 1503, 1509 (III) (B) (11th Cir. 1994). For these reasons, we agree that the trial court erred in relying upon *Virginia National Bank* to grant summary judgment to SunTrust Bank. Cf. *Rector &c. of Christ Church v. Bishop of the Episcopal Diocese of Ga.*, 305 Ga. App. 87, 99 (3) (699 SE2d 45) (2010) (recognizing that cases from foreign jurisdictions are not binding, and declining to adopt such cases as persuasive authority where they are factually distinguishable).[3]

Accordingly, we reverse because the trial court erred in granting

---

[3] SunTrust Bank argues on appeal that we should apply the "right for any reason" rule and affirm the trial court's grant of summary judgment on the basis that Lee's affidavit should have been stricken as untimely, her answer should have been stricken as a discovery sanction, and the trial court could have identified Lee's signature on the note, which would have left no disputed issue of material fact. Since the trial court did not rule upon these pending issues, which require factual determinations and the exercise of the trial court's discretion, we are unable to apply the rule. "Under [these] circumstances, we believe judicial economy is best served by merely reversing the judgment entered below and permitting the trial court, upon the return of the remittitur, to consider the remaining issues on their merits." (Citation omitted.) *Community Renewal and Redemption, LLC v. Nix*, 279 Ga. 840, 842 (2) (621 SE2d 722) (2005).

summary judgment to SunTrust Bank.

*Judgment reversed. Ellington, C. J., and Doyle, P. J., concur.*

DECIDED FEBRUARY 9, 2012.

*Gary L. Britt*, for appellant.

*Stokes, Lazarus & Carmichael, William K. Carmichael*, for appellee.